PER CURIAM.
The State of Florida appeals the trial court order that granted appellee’s motion to dismiss. We reverse.
Appellee was charged with possession of cocaine discovered after he was stopped for a traffic infraction. The officer who stopped appellee and subsequently arrested him for possession of cocaine is the state’s sole witness to connect appellee with possession of the cocaine.
The arresting officer’s name was furnished to appellee pursuant to discovery. On three separate occasions, appellee’s counsel attempted to depose the officer. The officer failed to appear on each occasion. Appellee moved to impose sanctions. At the hearing on the motion for sanctions, the officer appeared and offered various excuses for his previous failures to appear. The trial court found the officer’s explanations insufficient and excluded his testimony. When the state then announced that the officer was the sole witness to appel-lee’s alleged commission of the charged offense, the trial court granted appellee’s motion to dismiss. The sanctions imposed were too severe when other less severe sanctions were available and not utilized.
*1304 There is no allegation or evidence of any kind that the state was in any way responsible for the officer’s failure to appear. Thus, this was not a discovery violation for which sanctions should be imposed against the state as a party pursuant to Florida Rule of Criminal Procedure 3.220(j)(l). The trial court did not attempt to use the sanction of contempt that is provided for use against a recalcitrant witness in Florida Rule of Criminal Procedure 3.220(d).
We therefore reverse both the order of dismissal and the order excluding the arresting officer’s testimony absent a showing that the less severe sanctions available would not have been successful in procuring the officer’s deposition and moving the case to an expeditious conclusion.
CAMPBELL, C.J., and FRANK and PARKER, JJ., concur.