533 So.2d 884 (1988)
The STATE of Florida, Petitioner,
v.
Terry CECIL, Respondent.
No. 86-2650.
District Court of Appeal of Florida, Third District.
November 8, 1988.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for petitioner.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for respondent.
*885 Before SCHWARTZ, C.J., and BASKIN, J., and JOSEPH P. McNULTY, Associate Judge.
PER CURIAM.
The state seeks common law certiorari review of a non-final order which, as a discovery sanction, excludes the victim's testimony in this aggravated battery and assault case.
We had previously dismissed the petition herein on jurisdictional grounds and certified the question of our jurisdiction to entertain state-sought certiorari review of non-final orders. State v. Cecil, 508 So.2d 1249 (Fla. 3d DCA 1987). The Supreme Court quashed our dismissal on the authority of State v. Pettis, 520 So.2d 250 (Fla. 1988), decided the same day. State v. Cecil, 518 So.2d 919 (Fla. 1988). We now consider the merits of the matter on remand.
The operative facts are that the defendant/respondent was first taken into custody on the instant charges on June 26, 1986. At pretrial conference on September 2, 1986 defendant moved for a continuance alleging that, through no fault of his own, he was unable to depose the victim. He alleged further that the victim no longer resided locally and had no permanent address, but that he did occasionally check in with the state. The trial court then ordered the state to produce the victim for deposition before September 12th, 1986.
On September 12th the state advised that the victim was in jail in Utah and would not be available until at least September 30, 1986. At the state's request the trial court then continued the matter until October 14, 1986, the date also of the previously ordered trial of the case.
On October 2nd, however, defendant filed a motion to exclude the victim as a witness because of the state's failure to produce the victim for deposition before September 12th as previously ordered. The motion along with the previously ordered trial came on to be heard on October 14th, 1986 which, not insignificantly, was 70 days prior to the running of the speedy trial time. At this juncture the state advised that the victim had been released from jail and would be available for deposition that night. Nevertheless, by entry of the order under review the trial court granted the motion to exclude for the reason that:
"Other than supplying Defense counsel with the information that [the victim] was incarcerated in Salt Lake City, the State apparently took no action either before the 30th of September or after the witnesses (sic) release to comply with the previous order of this Court [to produce the witness]... ."
At the outset, defendant/appellee now concedes that the exclusion of the victim's testimony under the circumstances here constitutes a departure from the essential requirements of law. Obviously we concur, because we said in State v. Jackson, 436 So.2d 985, 986 (Fla. 3d DCA 1983):
"It is not the responsibility of the state to produce a witness subpoenaed by a defendant for discovery purposes; to order the state to do so, or to dismiss a criminal case for failure of the state to do so, constitutes a departure from the essential requirements of law." (Italics supplied.)
We said substantially the same thing in State v. Rojas, 508 So.2d 449 (Fla. 3d DCA 1987).
It thus follows that the first of the two-pronged test for certiorari relief available to the state in these cases, as laid down in Pettis, supra, has been satisfied, i.e., there has been a departure from the essential requirements of law. The defendant contends, however, that he second prong cannot be met, viz., the state cannot demonstrate irreparable prejudice to its "ability to prosecute". We disagree.
In Pettis, the Supreme Court clearly equated a significant impairment of the state's ability to prosecute with the "irreparable prejudice" long recognized as a prerequisite to common law certiorari relief. The court said, at 520 So.2d 253:
"The ability of the district courts of appeal to entertain state petitions for certiorari to review pretrial orders in criminal cases is important to the fair administration of criminal justice in this state. Otherwise, there will be some circumstances in which the state is totally *886 deprived of the right of appellate review of orders which effectively negate its ability to prosecute. If a nonfinal order does not involve one of the subjects enumerated in Florida Rule of Appellate Procedure 9.140(c)(1), the state would not be able to correct an erroneous and highly prejudicial ruling. Under such circumstances, the state could only proceed to trial with its ability to present the case significantly impaired. Should the defendant be acquitted, the principles of double jeopardy prevent the state from seeking review; thus, the prejudice resulting from the earlier order would be irreparable. The filing of a petition for certiorari is an apt remedy under these circumstances." (Italics supplied.)
Here, it cannot be denied that if the state were forced to trial without the testimony of the victim in this case, particularly with respect to the assault charge in which subjective "fear" on the part of the victim is essential, the state's ability to prosecute would be impaired significantly, and thus effectively negated. Given the departure from the essential requirements of law as previously discussed, therefore, certiorari relief is appropriate.
Nor can the defendant claim undue prejudice had the exclusionary order not been entered. First, there were still 70 days remaining on the speedy trial time, thus his speedy trial rights would not have been trammeled upon. Secondly, the victim was available for deposition that very night and thereafter, thus an appropriate continuance chargeable to the state would have afforded ample opportunity for the defendant to prepare for trial. Finally, it is not inconceivable that the victim's testimony would have been beneficial to the defendant on some defense to the charge, e.g., self-defense, or even identification of one other than the defendant as the perpetrator, which a deposition could reveal.
Certiorari is granted and the order under review is quashed. The cause is remanded for further proceedings in due course.