# STATE OF FLORIDA v MEYER and STATE OF FLORIDA v DAVIS

## Case Nos. 89-9257 and 89-9256

Thirteenth Judicial Circuit, Hillsborough County

January 19, 1990

### APPEARANCES OF COUNSEL

**James M. Barton II, Esquire,** Assistant State Attorney, for appellant.

**Raul C. Palomino, Esquire,** for appellee, Homer Davis.

**Stephen Cheeseman, Esquire,** for appellee, George Meyer.

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

The above cases were consolidated for purposes of Appeal. The Appellant, State of Florida, appeals the trial court's orders granting Defendants Myer's and Davis' Motions to Dismiss. This Court reverses.

The Defendants were both charged with Driving Under the Influ-

ence. The arresting officer, who was the same in each case, was deposed and refused to answer certain questions. Those questions concerned an alleged violation of the Rule of Sequestration in a prior case in another court. The officer refused to answer stating he was not answering because of an ongoing internal affairs investigation involving the issue in the other case. After a hearing, the trial judge ordered the officer to answer the questions. The officer again refused, this time asserting his constitutional privilege against self incrimination. The trial judge struck the officer's testimony and after determining the State could not proceed in either case without the officer's testimony, dismissed both cases.

The sanction of dismissal was too severe because a less severe sanction or another solution was available and should have been utilized by the trial judge before he resorted to dismissal. The trial court found that the officer disobeyed his court order by refusing to answer certain questions as a deposition after having been ordered to do so. If the trial judge believed the officer had no right to assert his fifth amendment privilege, which he evidently believed, the judge should first have attempted to use "the sanction of contempt provided for use against a recalcitrant witness in Florida." *State v Hill* 532 So.2d 1303 (Fla. App. 2 Dist. 1988). On the other hand, if the officer had the right to invoke his fifth amendment privilege against self incrimination, the trial court had available the option of a continuance. From the evidence presented to the trial court it was reasonable to believe the officer's basis for asserting his fifth amendment privilege, Chapter 112.533(3) Florida Statutes (1987), would no long exist after the Tampa Police Department investigation was concluded. There was no evidence presented to the trial court that either of the Defendants would have suffered any prejudice as a result of a continuance. At the time of the dismissal, speedy trial was not an issue for either of the Defendants, one Defendant, Davis, having waived and the other Defendant, Meyer, having approximately 43 days left. Furthermore, the issue of speedy trial was not raised with the trial judge. The officer's refusal to answer questions at deposition was not a discovery violation for which the State, as a party, should have punished pursuant to Florida Rule of Criminal Procedure 3.220(j)(1). There are no cases cited to the reviewing court where a case was dismissed because of the state's refusal to grant immunity to a witness at deposition. *State v Monserrate,* 14 FLW 59 (Fla. App. 2d Dist. 1989) specifically excluded pre-trial depositions.

Whether questions concerning the officer's possible act of misconduct in a prior case are even relevant is also raised by the State. Prior acts

**83**

of misconduct are not proper impeachment under 90.609, Florida Statutes. However, prior acts of misconduct can be proper impeachment if used to show bias or interest under 90.608, Florida Statutes. Whether the particular questions concerning the officer's possible act of prior misconduct go to the interest bias or prejudice of the witness and are proper questions lies within the discretion of the trial judge. Here the questions were not asked at trial but on deposition where questions which are relevant or are designed to lead to relevant evidence are proper. This court finds no abuse of discretion in the trial court judge's finding that the questions asked the witness at deposition about whether he had violated the rule of sequestration in a previous case were relevant.

The trial court's order of dismissal and order striking the arresting officer's testimony are reversed. The trial court abused its discretion in dismissing the cases because a less severe sanction or solution was available and should have been attempted before the dismissal. The case is remanded to the trial court for further proceedings in accordance with this order.

DONE and ORDERED this 19th day of January, 1990 in Hillsborough County, Florida.