605 So.2d 1000 (1992)
STATE of Florida, Petitioner,
v.
Jeremy SCHWARTZ, Respondent.
No. 92-02154.
District Court of Appeal of Florida, Second District.
October 9, 1992.
*1001 Bill James, State Atty., and Edward L. Kainen, Asst. State Atty., Tampa, for petitioner.
Richard Escobar, Richard Escobar, P.A., Tampa, for respondent.
PER CURIAM.
The petitioner, the State of Florida, seeks certiorari review of a circuit court order which excludes the testimony of a state witness at the criminal trial of the respondent, Jeremy Schwartz. We agree with the petitioner that the order departs from the essential requirements of law and so grant the petition.
The respondent was charged by information with delivery of cannabis and possession of cannabis. After the circuit court's denial of the respondent's motion to dismiss the charges filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), the petitioner filed an Amended Notice of Discovery. The Amended Notice listed the name and post office box number of the confidential informant involved in the case, an essential witness as the defense was presenting an entrapment defense.
On the morning of trial, the respondent argued a motion for sanctions against the petitioner for discovery violations. Specifically, the respondent argued that the post office address provided for the confidential informant was insufficient. The assistant state attorney acknowledged to the circuit court that while he had available both a street and post office address for the witness, he had intentionally decided to provide only the post office address to the respondent. On those grounds, the trial court granted the motion for sanctions and excluded the testimony of the witness.
As stated in Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984),
In a system in which the search for truth is the principal goal, the severe sanction of witness exclusion for failure to timely comply with the rules of procedure should be a last resort and reserved for extreme or aggravated circumstances, particularly when the excluded testimony relates to critical issues or facts and the testimony is not cumulative.
We first note that the sanctions were imposed for a violation of the discovery rule, Florida Rule of Criminal Procedure 3.220 and not for the violation of a court order compelling discovery. Prior to the order excluding the witness, the court had not entered any orders directed to the petitioner to provide additional discovery.
Less severe sanctions, for example, an order to comply or a continuance charged to the petitioner, were available to the court. See Florida Rule of Criminal Procedure 3.220(n). Although the transcript is initially confusing regarding the state's willingness to accept a continuance in the case, that matter was later clarified and the court was clearly advised that the state sought a continuance rather than the sanction of the exclusion of a key witness. The record does not indicate that the court considered any other less severe sanctions.
It is undisputed that the confidential informant was an essential witness for the petitioner. From the respondent's motion to dismiss, it was clear that the respondent was presenting an entrapment defense. The testimony of the confidential information was critical to refute the defense and not cumulative of another witness.
Accordingly, we find that the court's order excluding the witness was a departure from the essential requirements of law, grant the petition for writ of certiorari and quash the order excluding the witness.
RYDER, A.C.J., and HALL and PARKER, JJ., concur.