695 So.2d 1290 (1997)
STATE of Florida, Petitioner,
v.
Angela GONZALEZ, Patricia Pereira, Theresa Tripi, and Karen Lao, Respondents.
No. 96-2823.
District Court of Appeal of Florida, Fourth District.
June 25, 1997.
*1291 Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for petitioner.
Mary Cantwell and Bruce Schiller, Plantation, for Respondent-Angela Gonzalez. Scott Richardson, West Palm Beach, for Respondent-Patricia Pereira.
Richard B. Barkin, Boca Raton, for Respondent-Theresa Tripi.
Robert Puzzio, Fort Lauderdale, for Respondent-Karen Lao.
GROSS, Judge.
The state's petition for writ of certiorari challenges the trial court's order excluding a witness from testifying at trial. Because lesser sanctions had not yet been shown to be futile in securing the witness's attendance at a discovery deposition, we hold that the striking of the witness was improper and grant the writ.
One of the charges against the defendants in the trial court is that they struck victim Tina Ozarowski, a juvenile, with a deadly weapon. The victim was properly served with a subpoena to appear for deposition, by way of service on her mother.[1] The victim failed to appear for deposition on the date specified and again when the deposition was reset after her failure to appear.
Following the first two no-shows, the defense moved for an order to show cause pursuant to Florida Rule of Criminal Procedure 3.840. The court continued the case and instructed the prosecutor to contact the victim and tell her that he would be inclined to strike her as a witness if she failed to appear. The court was concerned about using the contempt sanction against a minor. For a second time, the victim was served through her mother with a subpoena for deposition. Again, she failed to appear. There was evidence that the victim knew about the deposition but chose to go back to sleep rather than attend.
The defense then filed for a second order to show cause or, in the alternative, for an order excluding the victim's testimony from trial. At the hearing on this motion, the prosecutor said that he had spoken with the victim's mother and sister and tried to impress upon them the importance of the victim appearing to testify. The prosecutor urged the court to issue a warrant for the victims's arrest, because "nothing else [was] going to work" in securing her appearance. The trial court ordered the victim stricken as a witness, reasoning that she had no interest in pursuing the case.
It is well settled that it is not the state's responsibility to produce a witness subpoenaed by a defendant for discovery purposes. State v. Cecil, 533 So.2d 884 (Fla. 3d DCA 1988); State v. Jackson, 436 So.2d 985, 986 (Fla. 3d DCA 1983); State v. Banks, 349 So.2d 736 (Fla. 3d DCA 1977); State v. Roig, 305 So.2d 836 (Fla. 3d DCA 1974). In Knight v. State, 373 So.2d 52, 53 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 761 (Fla. 1980), this court rejected the proposition that the "[s]tate is responsible to `keep track' of important witnesses so as to be able to produce them for [a] defendant's discovery or at trial." Even in cases involving policemen, witnesses usually aligned with the government, courts have refused to exclude officers' testimony for their mere failure to appear at discovery depositions. State v. Golden, 571 So.2d 49 (Fla. 3d DCA 1990); State v. Hill, 532 So.2d 1303 (Fla. 2d DCA 1988). When asked to strike witnesses who fail to comply with discovery subpoenas, Florida courts have wielded that sanction with great caution.
This is not a case where the prosecution was in any way responsible for the witness' failure to appear. Because no "party" is guilty of discovery misconduct, the *1292 sanctions of Rule 3.220(n)(1) do not apply. See Hill, 532 So.2d at 1304. The discovery violation was caused by the witness. For this reason, in the first instance, sanctions must be directed not at the state, but at the witness, with an eye to securing her compliance with the discovery requirement. See State v. DeVille, 258 So.2d 492 (Fla. 3d DCA 1972). The exclusion of a witness is justified only after some lesser sanction, such as contempt or a writ of bodily attachment, has been attempted without success in making the witness attend a deposition. As the supreme court acknowledged in State v. Tascarella, 580 So.2d 154, 157 (Fla.1991), "relevant evidence should not be excluded unless no other remedy suffices."
The defense places great emphasis on Tascarella, 580 So.2d at 156-57, which is distinguishable. The defendant in Tascarella sought to depose federal drug agents who were forbidden by federal law from disclosing information acquired in their official duties, except in certain narrow circumstances. The supreme court recognized that there were no lesser sanctions available to the trial court to secure the agents' attendance at a deposition. The trial court "could neither hold the agents in contempt nor require them to testify." Id. at 157. The administrative mechanism available under the Code of Federal Regulations would likely not have yielded the freewheeling questioning of a discovery deposition. On the other hand, in this case, the panoply of lesser sanctions has not been legally emasculated as in Tascarella or otherwise shown to have been ineffective.
A trial court's frustration at consuming court time to secure a victim's participation in a prosecution is understandable. The court's exclusion of the victim as a witness in this case is tantamount to dismissal of the charges involving her. However, the determination as to whether to continue a prosecution rests with the prosecutor, the arm of the government representing the public interest, and not with the victim of a crime or the trial court.[2]See State v. Brown, 416 So.2d 1258, 1259 (Fla. 4th DCA 1982); Wilson v. Renfroe, 91 So.2d 857, 859 (Fla.1956).
On remand, the trial court may use those remedies available to it when a state witness fails to appear for deposition. State v. Daise, 508 So.2d 560 (Fla. 4th DCA 1987). For example, the judge may commence indirect criminal contempt proceedings under Florida Rule of Criminal Procedure 3.840 and section 39.0145, Florida Statutes (1995), see Florida Rule of Criminal Procedure 3.220(h)(1); initiate civil contempt proceedings to secure the compliance of the witness with an order of the court, see Pompey v. Cochran, 685 So.2d 1007, 1012-16 (Fla. 4th DCA 1997); explore the propriety of contempt against the mother who may bear some responsibility for bringing the juvenile to court, or continue the case until the witness appears for a defense deposition, while at the same time not charging the defense with any delay for speedy trial purposes. See State v. Haynes, 557 So.2d 913 (Fla. 3d DCA 1990); Banks, 349 So.2d at 737.
Based on the foregoing, we hold that the order excluding the witness in this case was a departure from the essential requirements of law. E.g., Cecil, 533 So.2d at 885-86. The writ of certiorari is granted and the order excluding the testimony of the witness is quashed.
GLICKSTEIN, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring specially.
I agree that the trial judge, faced with a defense motion to show cause why a witness should not be held in contempt for failing to appear at a deposition after being served *1293 with a subpoena, should not have simply struck the witness from testifying at trial without first exhausting other remedies. On that basis alone, I join in granting certiorari.
NOTES
[1] Florida Rule of Criminal Procedure 3.220(h)(1) states that except as provided in the Rule, the procedure for taking depositions is the same as that provided in the Florida Rules of Civil Procedure. Civil Rule 1.410(d) indicates that service of subpoenas "shall be made as provided by law." Subsections 48.031(1) and (3), Florida Statutes (1995), provide for service of a subpoena upon a witness by delivering a copy to the witness or by leaving a copy at "her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of [its] contents."
[2] The state attorney's decision on how far to go in seeking sanctions against a reluctant victim calls for the exercise of judgment; a judgment in this case reached by considering how the prosecution will promote the ends of justice and balancing the public interest in effective law enforcement, the gravity of the offense, the dangerousness of the offender, the competing demands of other cases, the limited judicial resources, and the disinterest of a crime victim in seeing a case to its conclusion. While the election to seek contempt to secure a minor victim's testimony may be open to question, especially where charges involving other victims remained viable, the decision was one within the prosecutor's discretion.