857 So.2d 349 (2003)
STATE of Florida, Petitioner,
v.
Kenneth DAVIS, Respondent.
No. 2D03-731.
District Court of Appeal of Florida, Second District.
October 22, 2003.
*350 Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine V. Blanco, Sr. Assistant Attorney General, Tampa, for Petitioner.
James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Respondent.
WALLACE, Judge.
The petitioner, the State of Florida, seeks certiorari review of a circuit court order that excludes the alleged victim's testimony at the trial of the respondent, Kenneth Davis, on a charge of aggravated battery with a deadly weapon in violation of section 784.045(1)(a)(2), Florida Statutes (2002). We agree with the State that the order departs from the essential requirements of the law. Therefore, we grant the petition and quash the circuit court's order.
On January 23, 2003, Davis filed a petition for an order to show cause directed to the victim of the alleged offense for his failure to appear at a deposition scheduled on January 22, 2003. The victim had been duly served with a subpoena to appear at the deposition. The circuit court granted Davis' petition and ordered the victim to appear before the court on February 19, 2003, to show cause why he should not be adjudged in contempt for failure to obey the subpoena. In the meantime, Davis scheduled a second deposition of the victim; again, the victim did not appear. At a pretrial hearing held on February 3, 2003, the circuit court granted Davis' oral motion to exclude the victim's testimony at trial. More than two weeks before the date of the previously scheduled hearing on the order to show cause, the circuit court entered its order excluding the victim's testimony at trial.
The Supreme Court of Florida has held that "if the requirements permitting certiorari jurisdiction otherwise exist, a pre-trial order excluding evidence which has the effect of substantially impairing the ability of the state to prosecute its case is subject to certiorari review." State v. Pettis, 520 So.2d 250, 253 (Fla.1988) (quoting State v. Steinbrecher, 409 So.2d 510, 511 (Fla. 3d DCA 1982)). Although a pretrial order may qualify for certiorari, the writ should be issued only when "there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Id. at 254 (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)).
This court has previously held that the exclusion of a witness's testimony "should be a last resort and reserved for extreme or aggravated circumstances, particularly when the excluded testimony relates to critical issues or facts." State v. Schwartz, 605 So.2d 1000, 1001 (Fla. 2d DCA 1992) (quoting Austin v. State, 461 So.2d 1380, 1381 (Fla. 1st DCA 1984)). Adherence to this standard is particularly important when the excluded person is the sole witness or is essential to prove the elements of the crime or defense. Id. In a case where the record does not reflect that lesser sanctions have been attempted or shown to be futile, an order excluding a witness's testimony is a departure from the essential requirements of the law. Id.; State v. Hill, 532 So.2d 1303, 1304 (Fla. 2d DCA 1988); State v. Farley, 788 So.2d 338, 339 (Fla. 5th DCA 2001); State v. Gorrio, *351 726 So.2d 832, 833 (Fla. 3d DCA 1999); State v. Gonzalez, 695 So.2d 1290, 1292 (Fla. 4th DCA 1997). The circuit court's order and the transcript of the pretrial hearing in this case do not reflect any consideration by the court of a less severe sanction. Indeed, when the circuit court entered the order under review, the victim was already ordered to appear before the court at a later date to show cause why he should not be held in contempt for his failure to appear at the first scheduled deposition. Therefore, the circuit court's order excluding the victim's testimony at trial departed from the essential requirements of the law.
The facts of this case demonstrate that the departure has resulted in a material injury that will affect the remainder of the proceeding. See State v. Cecil, 533 So.2d 884 (Fla. 3d DCA 1988). The victim of the alleged battery is the most appropriate witness to testify to the facts of the crime charged, particularly because the record indicates that the only other witnesses to the event were Davis and his employer, a man who was in a fight with the victim when Davis allegedly committed the aggravated battery. Because the victim's testimony is essential to the prosecution of this case, the circuit court's order results in a material injury that affects the State's ability to prosecute Davis.
Because the State has established its entitlement to the writ, we grant the petition for writ of certiorari, quash the circuit court's order excluding the testimony of the victim at trial, and remand this case to the circuit court for further proceedings.
Petition for writ of certiorari granted.
ALTENBERND, C.J., and CANADY, J., Concur.