962 So.2d 1031 (2007)
The STATE of Florida, Petitioner,
v.
Lionel Anthony STYLES, Respondent.
No. 3D07-1147.
District Court of Appeal of Florida, Third District.
August 8, 2007.
*1032 Bill McCollum, Attorney General, and Lisa A. Davis, Assistant Attorney General, for petitioner.
Thomas W. Risavy, Coral Gables, for respondent.
Before RAMIREZ, CORTIÑAS and ROTHENBERG, JJ.
CORTIÑAS, Judge.
The State of Florida seeks certiorari review in the present petition of the trial court's order suppressing a photographic array by which the victim identified the Defendant. To invoke the certiorari jurisdiction of this court, a petitioner must demonstrate a departure from the essential requirements of the law which results in a material injury for which there is no adequate remedy on appeal. Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla. 2004). Here, the State has established all three of these elements. Thus, we grant the State's petition for writ of certiorari.
We find that the trial court departed from the essential requirements of law when it suppressed the out-of-court identification based on the photographic array. Florida law is clear that there is a two-part test for the suppression of an out-of-court identification. Grant v. State, 390 So.2d 341 (Fla. 1980)(adopting the two-part test established by the Supreme Court in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)). First, *1033 the trial court must determine that the police employed an "unnecessarily suggestive procedure in obtaining the out-of-court identification." Grant, 390 So.2d at 343; see also Thomas v. State, 748 So.2d 970, 981 (Fla. 1999)(referring to the inquiry as whether the police employed an inherently suggestive procedure). Then, upon finding the procedure unnecessarily suggestive, the trial court must examine the totality of the circumstances to determine whether "the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification." Thomas, 748 So.2d at 981. In examining the totality of the circumstances, the trial court must consider:
(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.
Grant, 390 So.2d at 343 (citing Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)). However, "[i]f the police did not use an unnecessarily suggestive procedure, then the court need not consider the second part of the test." Thomas, 748 So.2d at 981.
Here, the Defendant argued that both the victim's in-court identification and the victim's out-of-court identification should be suppressed. The State has conceded the inadmissibility of the in-court identification and, as such, it is not at issue in the present petition. As to the out-of-court identification, the Defendant contended that the photographic array used was suggestive in that the Defendant was pictured in a yellow shirt, thereby drawing attention to his picture. Also, the Defendant claimed that the detective who conducted the photographic array advised the victim that his assailant was in fact pictured in the photographic array.
After an evidentiary hearing during which two detectives and the victim testified, the trial court engaged in a dialogue with the prosecutor regarding the admissibility of both the in-court identification and the out-of-court identification. The State conceded that the in-court identification should be suppressed but argued that the out-of-court identification is properly admissible at trial. At that point, both the prosecutor and the trial judge discussed the factors in the second prong of the suppression test described above and whether each factor weighed in favor of or against suppressing the out-of-court identification. The Defendant then argued that based on the victim's admitted difficulty in being able to describe his assailant, the detectives conducting the photographic array needed to ensure that they did nothing to suggest an identification to the victim. The Defendant further argued that he was the only individual pictured in the photographic array wearing light colored clothes, and that the Defendant's bright yellow shirt drew attention to his picture. The Defendant argued that this was especially true where the victim stated that the Defendant's picture popped out.
The trial court then issued an order which first discussed the multi-factor totality of the circumstances test and summarily concluded that the photographic array was suggestive. As reasons for suppressing the out-of-court identification, the trial court explained that the victim testified that he consumed eight alcoholic drinks the night of the incident and that he purposely avoided looking at his assailants during the incident, that the testimony of the two detectives that they received a description of the assailants from the victim was inconsistent with the victim's testimony that he gave no description, that the two detectives' testimony was inconsistent with each other in the description they received, that the victim was presently unable *1034 to identify his assailants, and that the photographic array "was impermissibly suggestive and unnecessarily drew attention to the defendant."
The trial court erred in this analysis. The trial court should have first determined whether the photographic array was unnecessarily suggestive, an inquiry which is wholly separate and apart from the reliability of the identification, and then, only if the array is deemed unnecessarily suggestive, should the trial court have examined the factors listed above to determine whether, given the totality of the circumstances, the suggestiveness created a likelihood of misidentification. Here, the trial court failed to determine the suggestiveness of the photographic array apart from the reliability of the identification and, therefore, departed from the essential requirements of the law.
The trial court order states that the array was "impermissibly suggestive and unnecessarily drew attention to the Defendant," however, the evidence was insufficient to support the trial court's conclusion that the photographic array was suggestive. Courts have previously refused to suppress photographic arrays as suggestive based on the clothing the defendant is wearing in the photograph used. The Florida Supreme Court has held that photographic arrays can consist of photographs that differ in background color, clothing, hair color, and pose, and that these differences alone do not make the arrays suggestive. Lewis v. State, 572 So.2d 908 (Fla. 1991); see also Green v. State, 641 So.2d 391, 394 (Fla. 1994)(finding that photographic array was not suggestive even though the defendant was pictured with a darker background than the other photographs). Additionally, in Johnson v. State, 438 So.2d 774, 777 (Fla. 1983), the Florida Supreme Court upheld the use of a photographic array where the defendant was the only individual pictured with a suntan and blonde hair and the defendant's prison uniform was a lighter blue than the other photographs. Id. The court explicitly stated "we do not find that the complained-of items made the line-up impermissibly suggestive" and noted that the victim did not indicate that the identification was influenced by the differences between the photographs. Id.
Courts outside of Florida have also reached the same result. For example, in United States v. Carter, 410 F.3d 942 (7th Cir. 2005), the Seventh Circuit considered this very issue and concluded that the fact that the defendant was wearing a white shirt did not unnecessarily draw attention to his photograph in the array. Id. at 948-49. In Carter, as here, there was no evidence that the color of the shirt influenced the victim's identification, other than the defendant's supposition that it might have. Id. Similarly, in Carter, there was more than one photograph depicting a white shirt, while here there was more than one photograph depicting a bright colored shirt. Id. Specifically, the Defendant was wearing a yellow shirt, another individual was wearing a blue-green shirt, and a third individual was wearing a bright blue shirt with a white undershirt. The other three individuals are wearing black shirts, which is actually what the detectives testified the victim described the Defendant as wearing at the time of the incident. The victim's testimony indicates that he was not drawn to the Defendant's picture because of the yellow shirt, but instead that the Defendant's picture popped out because the victim recognized him. In fact, the detective testified that the victim was advised not to pay attention to the clothing the individuals in the photograph were wearing. During the evidentiary hearing, the victim testified that he was "unequivocal" in his identification of the Defendant.
*1035 The Defendant's second contention, that the detectives indicated that the assailant's photograph was contained in the array, is contradicted by the testimony of the detective and the victim. Nevertheless, this statement alone is insufficient to support classifying the procedure as suggestive and suppressing the identification. Green, 641 So.2d at 394. Even if the detective had told the victim that his assailant was pictured in the array, he did not tell him which picture to choose. Id. (finding that photographic array was not suggestive where the police told the victim "[w]he have six pictures we want you to look at. We have a suspect within these six pictures. You can take as long as you want . . . and if you can't identify him, fine"); Evans v. State, 781 So.2d 493, 493 (Fla. 3d DCA 2001)("`[a]lthough police indicated the suspect was in the photo lineup . . . there is no indication that officers directed [the victim's] attention to any particular photograph.'" (quoting Green, 641 So.2d at 394)).
Here, certiorari relief is appropriate in this case because the trial court's error results in material injury that cannot be remedied on direct appeal. Although certiorari is an extraordinary writ, it is well-established that certiorari is the proper avenue by which the State may seek review of erroneous pre-trial orders in criminal cases because the State has no right to appeal in the event that the Defendant is acquitted. See State v. Pettis, 520 So.2d 250, 253-54 (Fla. 1988); State v. Richards, 843 So.2d 962, 968 (Fla. 3d DCA 2003). "`[A] pre-trial order excluding evidence which has the effect of substantially impairing the ability of the state to prosecute its case is subject to certiorari review.'" State v. Davis, 857 So.2d 349, 350 (Fla. 2d DCA 2003)(quoting Pettis, 520 So.2d at 253). The improper suppression of an out-of-court identification, especially where an in-court identification is not possible, causes material injury to the State's prosecution. See State v. Cecil, 533 So.2d 884, 886 (Fla. 3d DCA 1988)(recognizing that the erroneous exclusion of a victim's testimony materially injures the prosecution); see also Carter, 410 F.3d at 947 (recognizing eyewitness' identification of the defendant through a photographic array is "a key piece of the evidence supporting the government's case"). Thus, we grant the State's petition for writ of certiorari and quash the trial court's April 17, 2007 order.
Certiorari granted; order quashed.