PER CURIAM.
The State of Florida seeks certiorari review of an order striking witness Bambi Wilmot from the State’s witness list (and thereby barring the State from calling Wil-mot to testify at trial) as a sanction for her failure to appear at scheduled depositions. We grant the writ and quash the challenged order. See generally State v. Jackson, 436 So.2d 985, 986 (Fla. 3d DCA 1983) (“It is not the responsibility of the state to produce a witness subpoenaed by a defendant for discovery purposes; to order the state to do so, or to dismiss a criminal case for failure of the state to do so, constitutes a departure from the essential requirements of law.”) (citations omitted). The law is clear in this context that “[t]he exclusion of a witness is justified only after some lesser sanction, such as contempt or a writ of bodily attachment, has been attempted without success in making the witness attend a deposition.” State v. Gonzalez, 695 So.2d 1290, 1292 (Fla. 4th DCA 1997). Because lesser sanctions had not yet been shown to be futile in securing Ms. Wilmot’s attendance at a discovery deposition, the trial court departed from the essential requirements of the law by excluding Wilmot as a witness. Id.
WRIT GRANTED; ORDER QUASHED. '
ORFINGER, C.J. and PALMER and LAWSON, JJ., concur.