NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                         )
                                          )
          Appellant,                      )
                                          )
v.                                        )      Case No. 2D14-2809
                                          )
RYAN THOMAS SULLIVAN,                     )
                                          )
          Appellee.                       )
                                          )

Opinion filed September 4, 2015.

Appeal from the Circuit Court for
Hillsborough County; Samantha L. Ward,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellant.

Peter Lombardo, Bradenton, for Appellee.


ALTENBERND, Judge.

          The State appeals an order dismissing its case after the circuit court

excluded the testimony of the alleged victim as a sanction.  We reverse.  Although we

understand the circuit court's frustration, assuming that the State's actions constituted a

discovery violation, the court erroneously failed to consider any less severe alternatives

to this ultimate sanction.

The State charged Ryan Thomas Sullivan in October 2012 with battery resulting in great bodily harm, a felony battery under section 784.041(1), Florida Statutes (2012). The underlying event was allegedly an act of domestic violence that occurred during the early morning hours of September 29, 2012. In a mall parking lot, Mr. Sullivan allegedly threw the mother of his child, L.K., to the ground by her hair and then struck her repeatedly in the face. L.K.'s nose was broken in two places, and her left orbital was fractured.

Defense counsel filed a notice of appearance for Mr. Sullivan in January 2013, pleading not guilty and waiving arraignment. For some reason, Mr. Sullivan was not actually arrested until January 2014. On April 9, 2014, the case was set for a pretrial conference on May 20, 2014, and for trial on May 27. Nothing in the record indicates that the parties were having any difficulty preparing for trial at that time.

At the pretrial conference, Mr. Sullivan's attorney complained that he had never been able to depose L.K. and that he did not have good contact information for her. Apparently the address given by the State in early discovery had been incorrect, and the telephone number was a number that had been disconnected. The assistant state attorney at the hearing stated, without objection, that this was the first time that he was aware that Mr. Sullivan's attorney had not received a good address. He claimed that L.K. had been in frequent communication with his office and that she had been calling his office with the same cell phone number the State had provided to Mr. Sullivan's attorney. The court ordered the State to provide Mr. Sullivan's attorney with "the information and make her available to him before Tuesday at 8 o'clock," which was the morning of trial.

Two days later, on May 22, Mr. Sullivan's attorney filed a motion to exclude L.K. as a witness, in which he stated that the State had given him an address for L.K.; that he had gone to the address; and that a woman, whom he believed to be L.K.'s mother, had told him that L.K. did not live there. In the motion, Mr. Sullivan's attorney explained that he had offered to take L.K.'s deposition on May 23 at 5:00 p.m. at the office of the state attorney but that the State had claimed that could not happen because its office closed at 5:00 p.m. that day.

On the morning of trial, Mr. Sullivan's attorney sought a ruling on his motion. It is undisputed that at that time L.K. was available in the office of the state attorney located across the street from the courthouse. The assistant state attorney explained that L.K. had told him that she no longer lived in Florida and that she did not want to disclose her location because she feared Mr. Sullivan. Another assistant state attorney assisting with the case explained to the court that her understanding from the pretrial conference was that Mr. Sullivan's attorney simply wanted an opportunity to speak with L.K. before trial. It was not until Thursday afternoon on May 22 that Mr. Sullivan's attorney had indicated to the State that he wanted to take L.K.'s deposition the following day at 5:00. The assistant state attorney had responded that because L.K. was not in Florida, it would not be possible for Mr. Sullivan's attorney to depose her the next day but that the State would make her available for a conference call so Mr. Sullivan's attorney could speak with her. Mr. Sullivan's attorney had apparently rejected this offer and insisted on deposing L.K. the following day.

There is little doubt that the State could have handled this situation better and perhaps that Mr. Sullivan's attorney could have avoided the crisis by addressing his

inability to interview or depose L.K. earlier than the pretrial conference. But these matters are not dispositive at this juncture.

Without considering any alternative course of action, the circuit court ruled:

> I'm going to find that there's been a willful violation of this Court's order to produce the witness; that the violation was the affirmative misrepresentation of the victim's address on Tuesday [May 20] in open court; that the State did not provide the information that the witness was located out of state; that it has resulted in substantial prejudice for the defendant that he could not prepare for trial and the motion to exclude the witness is granted.

Thereafter, the defendant moved to dismiss the case. The court granted the motion because the State represented that it could not proceed without the critical witness.

Although the State has briefed this case with a single issue, that issue actually has at least three parts. First, the State contends that its failure to obtain an accurate address or telephone number for the alleged victim and to provide it to the defense when ordered to do so by the court was not a discovery violation. It relies in part on State v. Cecil, 533 So. 2d 884, 885 (Fla. 3d DCA 1988), in which the district court explained that it is not the State's responsibility to produce a witness subpoenaed by a defendant for discovery purposes and that ordering the State to do so is a departure from the essential requirements of the law. Next, the State argues that even if it did commit a discovery violation, the court did not conduct a proper evidentiary hearing under Richardson v. State, 246 So. 2d 771, 775 (Fla. 1971), to determine whether the violation was willful. Finally, it argues that the court erred by failing to consider remedies for the discovery violation that were less severe than excluding the victim as a witness and dismissing the case.

- 4 -

The court did not take evidence at this Richardson hearing. L.K. was apparently in an office across the street, but she was not called to the courtroom. Although a formal evidentiary hearing may not be required to resolve many Richardson issues, it is difficult to understand how the trial court made a finding that the State was willfully concealing this witness's whereabouts without first determining whether or why the witness may have been hiding her location. But we reverse this case only on the final argument.

Florida Rule of Criminal Procedure 3.220(n)(1) authorizes a trial court to prohibit a party from calling a witness as a sanction for a discovery violation. This most severe sanction, however, "should be a last resort and reserved for extreme or aggravated circumstances, particularly when the excluded testimony relates to critical issues or facts." State v. Davis, 857 So. 2d 349, 350 (Fla. 2d DCA 2003) (quoting State v. Schwartz, 605 So. 2d 1000, 1001 (Fla. 2d DCA 1992)). This limitation is even more critical when the witness sought to be excluded is the sole witness or is essential to prove the elements of the crime charged, as was the case here. See id. We are mindful that a trial court must have wide discretion in handling discovery violations and imposing appropriate sanctions. Austin v. State, 461 So. 2d 1380, 1381-82 (Fla. 1st DCA 1984). But a trial court errs when it imposes this most severe sanction without considering whether the potential prejudice to the nonoffending party could be overcome with a less severe, or more reasonable, sanction. Id. at 1382; see also Davis, 857 So. 2d at 350-51.

Such was the case here. The witness, L.K., was available to be interviewed or deposed on the morning of trial at 8:30 a.m., when Mr. Sullivan's attorney

sought a ruling on his motion to exclude her testimony. It is possible that if the court had properly conducted a Richardson hearing at that time and taken testimony from L.K., the testimony would have led the court to the conclusion that the State's actions indeed amounted to a discovery violation that prejudiced the defense in some way and thus warranted some sanction.

But even assuming that some sanction was warranted, the trial court erred when it failed to consider any sanction less severe than excluding the testimony of an essential witness. The trial court could have ordered the deposition to take place that morning. The elements of felony battery are not complex, and there is no reason to expect that the deposition or interview would have needed to be lengthy. Nothing in the record suggests that Mr. Sullivan's attorney was likely to be surprised by the testimony at the deposition. But if counsel had been surprised and had needed more time to investigate the case or to prepare for trial, the court may have been able to continue the trial to a later date. See Austin, 461 So. 2d at 1382. Moreover, the trial court seemed to be upset primarily because it believed that a lawyer had made an affirmative misrepresentation to the court and to opposing counsel. There are sanctions to address a lawyer's lack of candor or professionalism short of dismissing a criminal proceeding. The trial court erred when it failed to consider any of these options, excluded the alleged victim's testimony, and dismissed this case.

We thus reverse the order of dismissal, quash the order granting Mr. Sullivan's motion to exclude L.K.'s testimony, and remand for further proceedings.

Reversed and remanded.

SLEET and LUCAS, JJ., Concur.