# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1459
Lower Tribunal No. 18-30480
_____

**Scott Thomas, et al.,**
Petitioners,

vs.

**State Farm Florida
Insurance Company,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Agnant & Lambdin LLC, Keith J. Lambdin and Erik J. Willman (Fort Lauderdale), for petitioners.

Green, Ackerman & Matzner, P.A., and Jay B. Green and Walter W. Norton (Boca Raton); Russo Appellate Firm, P.A., and Elizabeth K. Russo and Paulo R. Lima, for respondent.

Before EMAS, C.J., and HENDON and GORDO, JJ.

GORDO, J.

Scott Thomas, a non-party to the underlying proceedings, petitions for writ of certiorari, seeking quashal of the trial court's order requiring him to produce, inter alia, personal financial records.[1] We have jurisdiction. See Fla. R. App. P. 9.030(b)(2)(A). We approve of the trial court's order in every respect but one. We grant the petition, in part, and quash the order to the extent that it requires Mr. Thomas to produce personal financial records, which are irrelevant to the proceedings below.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The underlying suit is related to a property insurance claim following Hurricane Irma. The parties—the insured, Sonia Trillo, and the insurer, State Farm Florida Insurance Company—could not agree on the amount of the covered loss, so the claim proceeded to the contractual appraisal process. Mr. Thomas and his company, iClaims Consulting, Inc., were hired by the insured to serve as her appraiser in this process.

Following the appraisers' failure to agree on an umpire, State Farm filed a Petition to Select Umpire in the trial court. Several months later, the insured filed a motion to disqualify State Farm's appraiser, Henry Diaz. The insured alleged that Mr. Diaz was not a disinterested appraiser, as required by the policy, because he

---

[1] Although Mr. Thomas's company, iClaims Consulting, Inc., is also listed as a petitioner, the trial court sustained all of its discovery objections. As such, its claims are moot.

used to work for State Farm and "now derives a significant amount of his income serving as State Farm's appraiser."

As a result of the insured's motion to disqualify Mr. Diaz, the trial court ordered State Farm to produce several documents pertaining to Mr. Diaz, including a list of the number of appraisals in which State Farm named Mr. Diaz as its appraiser from November 2016 through November 2019. Based on the documents produced, the insured amended her motion to disqualify Mr. Diaz. Thereafter, State Farm served a subpoena duces tecum on iClaims Consulting, requesting nine categories of documents, and noticed Mr. Thomas for deposition.

Mr. Thomas filed a Motion for Protective Order and Objection to Duces Tecum, alleging that the notice of deposition and subpoena are overbroad, irrelevant, and intended to disrupt and harass. The trial court held a hearing and ruled on the motion. Mr. Thomas then sought clarification of the ruling.

At the hearing on the motion for clarification, the trial judge asked Mr. Thomas's counsel to explain why she should not "appl[y] . . . the goose/gander doctrine." State Farm had argued that it should be permitted access to Mr. Thomas's records to show that Mr. Thomas had "generated the same amount" as Mr. Diaz but for insureds rather than insurers. Based on that, it alleged it would argue that Mr. Diaz should not be disqualified.

The trial court ordered Mr. Thomas to produce personal financial records and other documentation, finding it to be "a fair application of the rules of discovery [to] both sides." Specifically, the order on appeal requires Mr. Thomas to produce, without limitation, "[a]ll documents showing the total amount paid during the preceding three years to Scott Thomas."

**AVAILABILITY OF RELIEF BY CERTIORARI**

"To invoke the certiorari jurisdiction of this court, a petitioner must demonstrate a departure from the essential requirements of the law which results in a material injury for which there is no adequate remedy on appeal." State v. Hernandez, 278 So. 3d 845, 848 (Fla. 3d DCA 2019) (quoting State v. Styles, 962 So. 2d 1031, 1032 (Fla. 3d DCA 2007)). "The requirements of material harm and the lack of a remedy on appeal are jurisdictional." Id. (quoting State v. Welch, 94 So. 3d 631, 634 (Fla. 2d DCA 2012)). "An order compelling the production of documents by a nonparty is reviewable by certiorari because he or she has no adequate remedy by appeal." Hett v. Barron-Lunde, 290 So. 3d 565, 569 (Fla. 2d DCA 2020) (citations omitted); see also Sucart v. Off. of the Comm'r, 129 So. 3d 1112, 1115 (Fla. 3d DCA 2013).

"[P]ersonal finances are among those private matters kept secret by most people." Rousso v. Hannon, 146 So. 3d 66, 70 (Fla. 3d DCA 2014) (quoting Woodward v. Berkery, 714 So. 2d 1027, 1035 (Fla. 4th DCA 1998)). Financial

4

records of non-parties are "of the utmost sensitivity," and the requesting party must establish "a need for the information that outweighs the privacy rights of the non-party." Id. at 69–70 (citations omitted). "This heightened standard is necessary because the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant." Id. at 70 (internal quotations and citations omitted).

Mr. Thomas's personal financial records are confidential, and State Farm has not shown a need for documents evidencing any and all personal income he derived from 2016 to 2019 "that outweighs [his] privacy rights." Id. at 70. The trial court's order is overbroad and encompasses disclosure of personal financial records entirely unrelated to the underlying proceedings. Disclosure of these personal records, therefore, will result in irreparable harm, and Mr. Thomas cannot be forced to produce them on this record. Additionally, although Mr. Thomas is the insured's appraiser, the discovery ordered by the trial court goes beyond the scope of trial expert discovery permitted by the rules of civil procedure. See Fla. R. Civ. P. 1.280(b)(5)(A)(iii)4 ("[T]he expert shall not be required to disclose his or her . . . income derived from other services.").

Despite the trial court's pronouncement, the goose in this case is not like the corresponding gander. The production previously ordered relating to Mr. Diaz was ordered from State Farm, a party to the underlying case. Furthermore, the records

were limited in scope to amounts paid by State Farm "to any third-party engineers, inspectors or adjusters who were involved with, in any manner, the subject claim(s)," which included but was not specific to Mr. Diaz.  Importantly, the trial court did not order production of Mr. Diaz's personal financial records and did not order Mr. Diaz himself to produce documents.  As a result of the foregoing, the trial court's order, to the extent it ordered Mr. Thomas to produce his personal financial records, departed from the essential requirements of law.

Petition granted, in part, and order quashed, in part.