# Third District Court of Appeal
## State of Florida

Opinion filed February 2, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-1998
Lower Tribunal Nos. 21-1928; 19-1739
————————————

## Morris Clifton Penrod, etc.,
Petitioner,

vs.

## Antonio Alejandro Aleman,
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

André Gibson, Chartered, and André A. Gibson, for petitioner.

The Billbrough Firm, and G. Bart Billbrough, for respondent.


Before HENDON, GORDO and BOKOR, JJ.

GORDO, J.

Morris Clifton Penrod seeks certiorari review to quash a trial court order extending a stay on Penrod's civil complaint against Antonio Alejandro

Aleman. We have jurisdiction. Fla. R. App. P. 9.030(b)(2). Penrod, as the current personal representative of his father's intestate estate, filed a civil action against Aleman for unjust enrichment, embezzlement, misappropriation, civil theft and exploitation of an elderly person after Aleman allegedly withdrew funds from his father's bank accounts after his death. Aleman subsequently challenged Penrod's status as personal representative in the probate case and filed a motion to stay the civil action. The trial court granted Aleman's motion to stay until the proper personal representative of the estate could be determined. Following a hearing, the trial court entered an order extending that stay. As Penrod cannot use this petition to challenge the original order granting the stay and he fails to provide any support that shows the order extending the stay departed from the essential requirements of the law, we deny the petition. State v. Hernandez, 278 So. 3d 845, 848 (Fla. 3d DCA 2019) ("To invoke the certiorari jurisdiction of this court, a petitioner must demonstrate a departure from the essential requirements of the law which results in a material injury for which there is no adequate remedy on appeal." (quoting State v. Styles, 962 So. 2d 1031, 1032 (Fla. 3d DCA 2007))); State, Dep't of Revenue ex rel. Chambers v. Travis, 971 So. 2d 157, 159 n.3 (Fla. 1st DCA 2007) (holding that a party cannot expand the time for review of a non-final order by filing a

petition for certiorari on an order that addresses an earlier non-final order that the petitioner failed to challenge in a timely manner); <u>Decktight Roofing Services, Inc. v. Amwest Sur. Ins.</u>, 841 So. 2d 667, 668 (Fla. 4th DCA 2003).

Petition denied.