PER CURIAM.
We deny a petition for writ of certiorari to review an order excluding witnesses from testifying in a pending trial. The defendants, charged with trafficking in cocaine, were arrested by agents of the Federal Drug Enforcement Administration. The witnesses, D.E.A. agents, refused to testify by deposition upon the advice of the U.S. Attorney’s Office, despite a trial court order that they respond to subpoenas.
The agents, all listed in the state’s response to discovery, are justice department employees and are forbidden by federal law from disclosing information acquired in their official duties or contained in department files, without prior approval. 28 C.F.R. §§ 16.21 et. seq.
The trial court, after a hearing, found that the defendants would be prejudiced if they were forced to confront these witnesses without pretrial discovery. The court recognized that contempt was not an alternative under the circumstances and imposed the exclusion sanction under the authority of Rule 3.220(j) of the Florida Rules of Criminal Procedure. We conclude that the petitioners have failed to demonstrate a departure from the essential requirements of law and, therefore, deny the petition.
We certify the following question to the supreme court:
IS IT AN ABUSE OF DISCRETION TO EXCLUDE EVIDENCE AS A SANCTION AGAINST THE STATE WHERE GOVERNMENT AGENTS DISREGARD A COURT ORDER BECAUSE THEY ARE RESTRICTED BY LAW FROM DISCLOSING INFORMATION WITHOUT APPROVAL?
DELL, GUNTHER and STONE, JJ., concur.