580 So.2d 154 (1991)
STATE of Florida, Petitioner,
v.
Allen TASCARELLA and Barbara Ambs Tascarella, Respondents.
No. 75551.
Supreme Court of Florida.
May 16, 1991.
*155 Robert A. Butterworth, Atty. Gen., Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Rosenbaum of the Law Offices of Richard L. Rosenbaum, and Gene Reibman, Fort Lauderdale, for respondents.
McDONALD, Justice.
We review State v. Tascarella, 559 So.2d 1165, 1166 (Fla. 4th DCA 1990), in which the district court certified the following question as being of great public importance:
Is it an abuse of discretion to exclude evidence as a sanction against the state where government agents disregard a court order because they are restricted by law from disclosing information without approval?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative and approve the district court's decision.
Federal Drug Enforcement Administration (DEA) agents arrested Allen Tascarella and Barbara Ambs Tascarella for cocaine trafficking. In response to the Tascarellas' demand for discovery, the state indicated that eleven DEA agents had information relevant to the offense charged. The agents are justice department employees and are forbidden from disclosing information acquired in their official duties or contained in department files without prior approval. 28 C.F.R. §§ 16.21  .29 (1990).[1]
*156 Upon the agents failure to appear for scheduled depositions, the Tascarellas filed a motion to compel the agents to testify by deposition. The trial court granted the motion, and the depositions were rescheduled. The agents again refused to testify upon the advice of the United States Attorney's Office, despite the trial court's order that they respond to subpoenas.
The trial court, after a hearing, found that the Tascarellas would be prejudiced if forced to confront these witnesses at trial without pretrial discovery. The court recognized that contempt was not an alternative under the circumstances[2] and refused to allow the agents to testify pursuant to Florida Rule of Criminal Procedure 3.220(j).[3] The state filed a petition for writ of certiorari in the district court for review of the trial court's order. The district court denied the state's petition and certified the aforementioned question to this Court.
The purpose of Florida's criminal discovery rules is to avail the defense of evidence known to the state so that convictions will not be obtained by the suppression of evidence favorable to a defendant or by surprise tactics in the courtroom. Cooper v. State, 336 So.2d 1133 (Fla. 1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977); State v. Counce, 392 So.2d 1029 (Fla. 4th DCA 1981). In furtherance of this purpose, rule 3.220(h) provides in pertinent part:
(1) Generally. At any time after the filing of the indictment or information the defendant may take the deposition upon oral examination of any person who may have information relevant to the offense charged.
Failure to comply with an applicable discovery rule or order may result in court-ordered sanctions pursuant to rule 3.220(n), which include the exclusion of testimony at trial.
The state argues that the federal regulations preempt the application of state criminal discovery rules, and, therefore, the trial court abused its discretion by sanctioning the state for refusing to comply with state rules. We disagree.
It has long been held that states have full control over the procedural rules in their courts, in both civil and criminal cases. Bute v. Illinois, 333 U.S. 640, 652, 68 S.Ct. 763, 769, 92 L.Ed. 986 (1948). See also Markert v. Johnston, 367 So.2d 1003 (Fla. 1978) (Florida Supreme Court has the exclusive power to prescribe rules for the practice and procedure in Florida courts). In Bute the Court stated:
They [the states] retained this control from the beginning and, in some states, local control of these matters long antedated the Constitution. The states and the people still are the repositories of the "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, . .. ." The underlying *157 control over the procedure in any state court, dealing with distinctly local offenses ... consequently remains in the state.
333 U.S. at 652, 68 S.Ct. at 769 (footnote omitted; quoting U.S. Const. amend. X).
The case under review originated in state court and involved the prosecution of the Tascarellas for violating state law. In this situation, Bute requires trial courts to follow state rules with respect to procedural matters. The supervision of discovery depositions is a procedural matter and is therefore subject to state control.
The state further argues that the trial court abused its discretion by compelling the agents to appear for deposition, or be forbidden from testifying at trial, without first attempting to reach a compromise that would have satisfied both the state discovery rules and the federal regulations.[4] We disagree. Although we recognize that relevant evidence should not be excluded unless no other remedy suffices, a ruling on whether a discovery violation calls for the exclusion of testimony is discretionary and should not be disturbed on appeal unless an abuse is clearly shown. Wilkerson v. State, 461 So.2d 1376 (Fla. 1st DCA 1985).
The exclusion of testimony is a permissible sanction under rule 3.220(j). Whether a remedy such as exclusion should be imposed depends on the totality of the circumstances. Richardson v. State, 246 So.2d 771, 775 (Fla. 1971). The trial court found the agents' failure to comply with its discovery order intentional and prejudicial to the Tascarellas and that it substantially impeded their ability to defend themselves from the charges against them. In addition the trial court could neither hold the federal agents in contempt nor require them to testify. In light of these circumstances, the state has failed to demonstrate that the trial court abused its discretion.
Therefore, we hold that the trial court did not abuse its discretion in excluding the witnesses from testifying at trial as a sanction for the willful failure to comply with the trial court's discovery order and rule 3.220(h). We answer the certified question in the negative and approve the district court's decision.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, KOGAN and HARDING, JJ., concur.
GRIMES, J., concurs with an opinion.
GRIMES, Justice, concurring.
In this opinion we have held that there was no abuse of discretion in prohibiting the DEA agents from testifying under the facts of this case. I write only to point out that other alternatives might also be acceptable. For example, a trial judge could certainly require defense counsel to cooperate with federal authorities in seeking to obtain the depositions before holding that the agents could not testify.
NOTES
[1] 28 C.F.R. § 16.22 (1990) provides in pertinent part:

(a) In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.
* * * * * *
(c) If oral testimony is sought by a demand in any case or matter in which the United States is not a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by his attorney, setting forth a summary of the testimony sought and its relevance to the proceeding, must be furnished to the responsible U.S. Attorney. Any authorization for testimony by a present or former employee of the Department shall be limited to the scope of the demand as summarized in such statement.
[2] Federal employees may not be compelled to obey subpoenas contrary to their federal employer's instructions under valid agency regulations. United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).
[3] By 1989 amendment, Florida Rule of Criminal Procedure 3.220(j) was relettered as (n). The substantive provisions of that subsection, however, were not amended and provide in pertinent part:

(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
[4] The state contends that the trial court should have required the Tascarellas to seek the approval of the Justice Department, pursuant to 28 C.F.R. § 16.22, in order to take the agents' depositions. Those agents given approval could then give their depositions, and those not receiving approval would be excluded pursuant to the trial court's order.