SALMON, MICHAEL H., Associate Judge,
dissenting.
On remand following a reversal of his first conviction, Shelton was tried, convicted, and sentenced for the crime of attempted sexual battery. 563 So.2d 820. He cites many grounds for reversal, all of which I find to be without merit, except one: that the exclusion of two witnesses who were prepared to testify regarding Shelton’s sanity at the time of the commission of the crime was too severe a remedy.
Without reciting all that transpired before the trial judge with regard to this question, the trial judge was confronted with a request to exclude two defense expert witnesses from testifying at trial that in their respective opinions, as a psychiatrist and a psychologist, the defendant was insane at the time of committing the crime. The names of and intention to call these witnesses was not disclosed until the morning of trial. The trial judge conducted a hearing which we conclude was a sufficient Richardson hearing. See Richardson v. State, 246 So.2d 771 (Fla.1977). The judge concluded that there were discovery violations by the defense severe enough to require imposition of a sanction. It is with the sanction he imposed — exclusion of the witnesses — with which I find fault, and which I find to be an abuse of discretion. See State v. Tascarella, 580 So.2d 154 (Fla.1991). The remedy of exclusion of witnesses as a sanction for discovery violation should be reserved for those cases in which no other remedy suffices. Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982), rev. denied, 430 So.2d 452 (Fla.1983). Even though the defense offered another expert to testify that the defendant was insane, in light of the defendant’s substantial mental health history, I am not prepared to agree with the state that the exclusion of the witnesses was harmless as a matter of law. I cannot state beyond a reasonable doubt that the error did not affect the verdict. See State v. Di Guilio, 491 So.2d 1129 (Fla.1986).