866 So.2d 729 (2004)
Randal PREVATT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3629.
District Court of Appeal of Florida, Fifth District.
January 23, 2004.
Rehearing Denied March 3, 2004.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Randal Prevatt appeals his conviction for manslaughter.[1] He contends that the trial court erred by (1) excluding an out-of-court statement by his co-defendant wherein the co-defendant accepted sole responsibility for the victim's death; (2) failing to give a requested "independent act" jury instruction; and (3) admitting, over objection, autopsy photographs of the victim. While we find no merit in the issues raised on appeal, one issue merits discussion.
Prevatt and Billy Johnson were charged with the beating death of Keith Parks. Johnson, who died of a heroin overdose prior to Prevatt's trial, purportedly told Prevatt's mother that he alone was responsible for Park's death, and that he would explain this to the jury at Prevatt's trial. More specifically, Johnson allegedly told Prevatt's mother, "You don't have to worry, I am going to tell the truth when I get on the stand; I'm going to tell them Randy [Prevatt] was trying to stop me," and that he wasn't going to "let Randy take the fall for this." On the State's motion, the trial court excluded the statements, finding that they lacked any indicia of reliability.
Prevatt argues that the statements were admissible under section 90.804(2)(c), Florida Statutes (2002), which provides:
HEARSAY EXCEPTIONS.The following are not excluded under s. 90.802, provided that the declarant is unavailable as a witness:
. . . .
(c) Statements against interest.A statement which, at the time of its making, *730 was so far contrary to the declarant's pecuniary or proprietary interest or tended to subject him to liability or to render invalid a claim by him against another, so that a person in the declarant's position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is inadmissible, unless corroborating circumstances show the trustworthiness of the statement.

(Emphasis added).
There is no doubt that Johnson's purported statements were declarations against his penal interest and that he was unavailable. However, like the trial court, we fail to find any evidence in the record to corroborate the statements purportedly made to Prevatt's mother. Because the statements lacked sufficient corroboration by any other evidence, and, thus, lacked the indicia of trustworthiness necessary to be admitted as substantive evidence under 90.804(2)(c), the statements were properly excluded.
Prevatt argues that the trial court improperly excluded the statement because of its determination that Prevatt's mother lacked credibility. Prevatt relies on Carpenter v. State, 785 So.2d 1182 (Fla.2001), for the proposition that "[t]he credibility of an in-court witness who is testifying with regard to an out-of-court declaration against penal interest is not a matter that the trial court should consider in determining whether to admit the testimony concerning the out-of-court statement. Instead, it is the jury's duty to assess the credibility of the in-court witness who is testifying about the out-of-court statement." Id. at 1203.
While we have no disagreement with that as a general proposition, the statements here were not excluded because the trial court found that Prevatt's mother lacked credibility. Rather, the statements were excluded because Prevatt, the proponent of the statements, with the burden of demonstrating admissibility, failed to offer any evidence to corroborate the trustworthiness of the statements. The trustworthiness requirement "insures that a statement or confession by a third party will not be admissible when there are serious questions as to its reliability." Charles W. Ehrhardt, Florida Evidence, § 804.4 (2002 ed.).
Rulings on evidentiary issues are generally left to the discretion of the trial court and are reviewable under the abuse of discretion standard. See, e.g., State v. Tascarella, 580 So.2d 154, 157 (Fla.1991). An alleged abuse of discretion is judged by the general standard of reasonableness; in other words, if reasonable people could differ as to the propriety of an action taken by the trial court, the action is not unreasonable or an abuse of discretion. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983). Because we find no abuse of the trial court's discretion, we affirm.
AFFIRMED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] § 782.07, Fla. Stat. (2002).