GRIFFIN, J.
Appellant, Jerry Layne Rogers [“Rogers”], appeals his conviction and sentence for first-degree felony murder in the death of David Smith, a manager of a Winn-Dixie store in St. Augustine. Rogers raises five issues. We find no reversible error and affirm.
We write to address only one of the issues raised in Rogers’ claims — that the trial was rendered fundamentally unfair by a succession of discovery rulings by the trial court. In order to understand this issue, it is necessary to refer to Rogers’ first trial, conviction and appeal. The crime took place on January 4, 1982. David Smith was killed during an attempted robbery by two men. Rogers was tried and convicted of the homicide and received the death penalty. The Supreme Court of Florida affirmed the conviction. Rogers v. State, 511 So.2d 526 (Fla.1987) [“Rogers /”]. Thereafter, however, Rogers filed a motion for post-conviction relief claiming that the State had withheld material impeachment evidence concerning the other robber, Thomas McDermid [“McDermid”], and evidence implicating another individual, George Cope [“Cope”], as McDermid’s accomplice in multiple robberies. The defense theory was that Cope, not Rogers, had been McDermid’s accomplice.[1] In February 2001, the Supreme Court granted Rogers relief, reversing his conviction and sentence and remanding for a new trial. Rogers v. State, 782 So.2d 873 (Fla. 2001) [“Rogers II”].
On November 13, 2001, Rogers filed a motion to dismiss the indictment, alleging that the State had failed to comply with its discovery obligations. In opposition, the State maintained that it had requested from seventy-one different. law-enforcement agencies all robbery reports.in 1981 and 1982 that had referenced Cope, McDermid, or Rogers. Rogers replied that, under the terms of the supreme court’s opinion, the State’s search was too narrow and the State should be looking for all reports from law-enforcement agencies along the 1-4 corridor, concerning retail establishment robberies from the fall of 1981 through the spring of 1982. In an order dated October 12, 2001, the trial court ordered the State “to comply with the Notice of Discovery no later than November 1, 2001.” On December 19, 2001, the State filed a certification with the court that it had complied with its Brady obligation and Rogers filed a renewed motion to dismiss, again urging that the State’s search of law enforcement agencies’ records was inadequate under the terms of the court’s order.
The trial court denied the motion to dismiss the indictment, but indicated a willingness,, to consider lesser sanctions. Thereafter, the trial court held a hearing, at the conclusion of which it granted Rogers’ motion to exclude evidence of Rogers’ other crimes. Rogers had previously been convicted of three robberies with McDer-mid in the Orlando area for which he had been sentenced 'respectively to terms of imprisonment for life, 100 years and twenty years [“the Orlando convictions”].
During the trial, defense counsel filed a motion in limine asking that the defense be allowed to enter evidence of an association between McDermid and Cope without *423 opening the door to Rogers’ Orlando convictions. In denying the motion, the court explained:
[T]he sanction was imposed against the State and they couldn’t use the information. The defense now seeks to pull some of that information off the shelf ... and .use it. It seems to me that that [sic], if it’s offered, is reverse Williams rule and opens — my sense is that that would open the door. Now I’d need to hear it, and my ruling would be subject to the actual words that are used by the witness....
Rogers claims that the court’s limitation on its sanction presented the defense with an untenable choice: (1) permit the introduction of Rogers’ Orlando convictions; or (2) forego exculpatory evidence. Rogers asserts that the evidence of the Cope/MeDermid robberies would have proven that: (1) the two knew each other, (2) McDermid had lied when he denied knowing Cope, (3) Cope and McDermid had engaged in criminal activity about the time of the Winn-Dixie robbery, and (4) Cope fit the physical description of the Winn-Dixie robbery. Moreover, he argues that tying admission of the McDer-mid/Cope crimes evidence to admission of his Orlando convictions prejudiced him because it unfairly restricted his defense.
Rogers somewhat inconsistently maintains that the trial court’s sanction against the State for failure to fully develop evidence of other 1-4 robberies that might reveal a McDermid/Cope association was valid, yet the trial court’s decision to disallow the exclusion of the Orlando crimes if Rogers offered evidence of a McDer-mid/Cope criminal association was illegal and unfair. We disagree. The trial court, as a sanction, precluded the State from offering powerful ‘Williams Rule” evidence of subsequent robberies by McDermid and Rogers in Orlando but subsequently determined that sanctions should not apply if Rogers offered evidence of other McDer-mid/Cope robberies. Plainly, the scope of this sanction, both when initially imposed and during trial, was within the court’s discretion. See, e.g., State v. Tascarella, 580 So.2d 154, 157 (Fla.1991). The court expressed its reluctance to impose the sanction in the first instance and gave several reasons, including the lack of evidence that any fact of significance had been concealed or that the defense was truly prejudiced.
Rogers was given a strategic decision to make: offer evidence of the McDer-mid/Cope association and allow the jury to hear about the Rogers/McDermid association, or forego both. The Florida supreme court had already determined in Rogers I, 511 So.2d at 531, that the Orlando convictions were admissible as Williams rule evidence, so the defense had a clear-eyed view of how this issue would play out at trial. The choice may have been hard, but it was not unfair. Whether the jury might have been persuaded to acquit if it had heard Rogers’ McDermid/Cope evidence along with the Rogers/McDermid evidence is impossible to know. Rogers elected to accept the benefit of the exclusion of the Orlando crimes evidence. The trial judge did not err.
AFFIRMED.
SHARP, W., and ORFINGER, JJ., concur.

. George William Cope had been identified as one of two robbers of the Ormond Beach Publix Supermarket on December 3, 1981, and the Long John Silver's restaurant in South Daytona. McDermid confessed to also taking part in these crimes.