WARNER, J.
The appellant Clark Caplan was convicted of trafficking in marijuana based upon the testimony of his co-defendant as well as that of a special agent of the Drug Enforcement Administration (“DEA”). Caplan sought to prevent the agent from testifying, because the state had failed to produce the federal DEA reports regarding the surveillance and arrest of Caplan. Although the trial court treated the failure to produce the reports as a discovery violation but held that it was not willful, we hold that, under the circumstances of this case, no discovery violation occurred.
Caplan supplied drugs to Merrell, his co-defendant, who also sold drugs. The day after Caplan delivered drugs to Merrell at his home, DEA agents and Palm Beach County Sheriffs agents went to Merrell’s home and eventually were able to search the residence, finding drugs. While they were there, Caplan called, and the agents recorded the call. During the call, Merrell told Caplan that he could not get rid of the marijuana, and Caplan agreed to return and pick it up. When Caplan arrived and began loading the marijuana in his car, the officers arrested both men.
Prior to trial, the defense filed a motion to compel production of all reports created by the DEA concerning its investigation and involvement in this case, but the trial court denied the motion, noting that it could not require the federal agents to provide the reports. At trial, the defense moved to strike a federal agent as a witness because of the failure to produce the DEA reports. The trial court treated it as a Richardson[1] violation and held a hearing. Concluding that any violation was not willful, the court gave the defense the opportunity to depose the special agent. During the deposition the agent did not refer to the reports. Although the defense claimed that it was still prejudiced because it discovered that other agents were involved in surveillance of Merrell’s home on the day prior to the arrest, the court denied the motion and permitted the agent to testify.
Based upon the testimony of Merrell and the agent, the jury convicted Caplan. The court sentenced him to six years in prison with three years mandatory. Ca-plan appeals.
Florida Rule of Criminal Procedure 3.220(b)(1)(B) requires the state to produce during discovery “all police and investigative reports of any kind prepared for or in connection with the case” that are “within the state’s possession or control.”[2] The *1232 state advised the court that it had been unable to procure the federal reports. Federal agents are precluded from providing reports of investigations without authorization. See 28 CFR § 16.22. Caplan knew about the reports prior to trial and also knew that the state could not produce them because it did not have the reports in its control. Caplan also requested the reports from the U.S. Attorney but could not obtain them. Thus, neither the state nor the defense had possession or control of information contained in the reports. Under those circumstances, the state had no obligation to produce the reports and thus committed no discovery violation by failing to produce them. See State v. Gonzalez Rodriguez, 483 So.2d 807 (Fla. 3d DCA 1986).
State v. Tascarella, 580 So.2d 154 (Fla.1991), on which the defense relies, is distinguishable. There the state listed several federal agents as witnesses. The defense sought to take their depositions, and the agents refused to appear, citing 28 CFR § 16.22 and its prohibition against agents giving any oral statements without authorization. After two attempts to take the agents’ depositions, the trial court determined that the defendants would be prejudiced if forced to confront the agents’ testimony at trial without pretrial discovery. Florida Rule of Criminal Procedure 3.220(h) permits pretrial depositions, and failure to comply with the rules of discovery can result in the exclusion of the witnesses’ testimony at trial. Fla. R.Crim. P. 3.220(n). The trial court entered an order excluding the agents’ testimony, and the state sought review.
The supreme court held that the trial court was required to follow the state procedural rules. Those rules were not preempted by federal law prohibiting the agent from testifying in a pre-trial deposition. Because of that refusal, exclusion of the agents’ testimony was one remedy available to the trial court under rule 3.220(n), and the state had not shown that the court abused its discretion in excluding the agents from testifying at trial.
Tascarella is distinguishable from this case, because in Tascarella the defendant had a right to take the deposition of the agents under the rules of discovery, and the state intended to use those agents as witnesses at trial. Therefore, the defendants were placed at a disadvantage. In this case, the state was not required to produce reports not within its control. Moreover, the state was not intending to use information in the reports. The agent did not refer to the report either in his deposition or at trial. Thus, the defense was not placed at a disadvantage to the state, because neither side had access to the reports.
The trial court did not err in refusing to exclude the DEA agent’s testimony. We thus affirm Caplan’s conviction and sentence.
POLEN and TAYLOR, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. Florida Rule of Criminal Procedure 3.220(b)(1)(B) states in its entirety:
(1) Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state’s possession or control:
[[Image here]]
(B) the statement of any person whose name is furnished in compliance with the preceding subdivision. The term "statement” as used herein includes a written statement made by the person and signed or otherwise adopted or approved by the person and also includes any statement of any kind or manner made by the person and written or recorded or summarized in any writing or recording. The term "statement” is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which those reports are compiled;
(emphasis added).