788 So.2d 338 (2001)
STATE of Florida, Petitioner,
v.
Matthew D. FARLEY, Respondent.
No. 5D01-473.
District Court of Appeal of Florida, Fifth District.
May 25, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Petitioner.
Francis V. Iennaco of LeBlanc & Iennaco, Orlando, for Respondent.
ORFINGER, R.B., J.
The State seeks certiorari review of a trial court order excluding a witness from *339 testifying at trial because the witness failed to attend a scheduled deposition. Because lesser sanctions had not been attempted or shown to be futile in securing the witness' attendance at deposition, we hold that striking the witness was improper and grant the writ.
Matthew Farley was charged by information with delivery of cocaine within 1,000 feet of a place of worship in violation of section 893.13(1)(e)(1), Florida Statutes (1998) and possession of cocaine in violation of section 893.03(2)(a)(4), Florida Statutes (1998). The State alleged that Farley sold cocaine to a confidential informant working with the Winter Park Police Department. Farley was arrested fourteen months after the alleged crime.
Through counsel, Farley sought discovery and in response, the State provided a witness list that included the unnamed confidential informant as a category A witness pursuant to rule 3.220(b)(1)(a)(i) of the Florida Rules of Criminal Procedure. The confidential informant's address was given as "in care of" the lead detective at the Winter Park Police Department. Because Farley's attorney wished to depose the confidential informant, he had a subpoena served on the informant "in care of" the lead detective at the Winter Park Police Department, the address provided to him by the State. The confidential informant failed to appear at the deposition and the next day, Farley's attorney filed a motion seeking to exclude the witness at trial. Apparently realizing the error in its decision not to produce the informant at deposition, the State immediately disclosed the informant's identity and offered to produce the witness at another deposition. Apparently, the offer was declined.[1]
Following a hearing on Farley's motion and pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), the trial court found a willful discovery violation and entered an order prohibiting the witness from testifying at trial. This was error. When a discovery violation is alleged, the trial court must determine if the moving party has suffered procedural, rather than substantive, prejudice.[2] The trial court must first determine if a discovery violation prevented the moving party from properly preparing for trial. If it is determined that the discovery violation did hinder the moving party's trial preparation, the trial court must consider the nature of the violation in fixing an appropriate sanction. Wilcox v. State, 367 So.2d 1020, 1023 (Fla.1979).
In this case, Farley argued that he would "suffer great prejudice if the State were allowed to call the informant without previous disclosure." The precise nature of the prejudice was not disclosed. At the hearing on his motion, Farley argued that he was prejudiced due to the delay between the occurrence of the alleged offense and his arrest. We find that puzzling *340 because although there was a delay of fourteen months between the occurrence of the alleged offense and Farley's arrest, that delay is wholly unrelated to the confidential informant's failure to appear at deposition.
The exclusion of a witness is an extreme sanction and should not be imposed when other reasonable alternatives are available. Taylor v. State, 643 So.2d 1122, 1123 (Fla. 3d DCA 1994). Before the court excludes evidence, it must consider any lesser alternative sanctions that are available. State v. Schwartz, 605 So.2d 1000 (Fla. 2d DCA 1992). That did not occur in this case. Although the trial court found the discovery violation to be willful, the court did not find that Farley suffered prejudice nor did the court consider other, lesser sanctions. Because this discovery dispute arose pretrial, it is hard for us to imagine that Farley suffered procedural prejudice, when the trial court could have easily remedied the matter by simply ordering the witness to appear for deposition and imposing such other, lesser sanctions as might have been appropriate. Exclusion of a witness for failure to appear at a deposition is appropriate only when lesser sanctions have been attempted without success. State v. Gorrio, 726 So.2d 832 (Fla. 3d DCA 1999).
For the reasons discussed, we hold that the order excluding the witness from testifying at trial was a departure from the essential requirements of law. The writ of certiorari is granted and the order excluding the testimony of the witness is quashed.
CERTIORARI GRANTED; ORDER QUASHED.
HARRIS and SAWAYA, JJ., concur.
NOTES
[1] Inexplicably, the State never asked the court to quash the subpoena prior to the deposition if there was some legally sufficient basis to do so; rather, it appears that the State, the lead detective or the confidential informant simply ignored the subpoena. Equally inexplicable was Farley's failure to move for an order to show cause pursuant to Florida Rule of Criminal Procedure 3.840 after the confidential informant failed to appear for the scheduled deposition; rather, Farley simply sought to have the witness excluded, resulting in this appeal.
[2] In this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefitted the defendant. State v. Schopp, 653 So.2d 1016 (Fla.1995).