907 So.2d 564 (2005)
The STATE of Florida, Petitioner,
v.
Jesus RODRIGUEZ, Respondent.
No. 3D05-1307.
District Court of Appeal of Florida, Third District.
July 6, 2005.
Katherine Fernandez Rundle, State Attorney, and Angelica D. Zayas, Assistant State Attorney, for petitioner.
Gennaro Carglio, Jr., for respondent.
Before COPE, C.J., and SUAREZ, J., and SCHWARTZ, Senior Judge.
*565 COPE, C.J.
By petition for writ of certiorari the State challenges a trial court order excluding two witnesses entirely, and a third witness in part, from the first degree murder trial of respondent-defendant Jesus Rodriguez. We conclude that the petition is well taken and grant it.
Defendant Rodriguez is charged with murder of his estranged wife, Isabel. On the eve of trial scheduled for March 28, 2005 the State made late disclosure of a witness, Andrew Azcuy. The State maintained that the failure to disclose this witness was inadvertent.
The defense argued that there was a discovery violation and moved to strike the witness because of the late disclosure. The trial court granted a continuance for this reason and a further continuance for unrelated reasons. The defense took Azcuy's deposition.
On May 5, the trial court reviewed the status of the case. The defense stated that it was ready for trial and wanted to proceed immediately. The defense did not request any further time to conduct any additional discovery or investigation regarding witness Azcuy.
On its own motion, the court revisited the issue of the late disclosure of witness Azcuy. The court ruled that there had been a discovery violation within the meaning of Richardson v. State, 246 So.2d 771 (Fla.1971). The court ruled that the late disclosure was willful, substantial, and prejudicial. The court excluded witness Azcuy from testifying at the defendant's trial.
In the meantime two additional witnesses had come to light, Victor Montesino and Camilo Cedeno. The court excluded witness Victor Montesino on the theory that Montesino's testimony would be irrelevant if witness Azcuy did not testify. On the same theory, the court excluded in part the testimony of witness Camilo Cedeno. The State has petitioned for a writ of certiorari.
We grant the petition because the record reveals no legally cognizable prejudice to the defendant on account of the discovery violation.
"While exclusion of evidence is a permissible sanction for violation of a discovery rule, see Fla. R.Crim. P. 3.220(n)(1), it should be imposed only if no other remedy suffices." Miller v. State, 636 So.2d 144, 149 (Fla. 1st DCA 1994).
"The existence of prejudice . . . is the sine qua non for relief from a discovery violation." State v. Del Gaudio, 445 So.2d 605, 610 (Fla. 3d DCA 1984). The Del Gaudio court explained:
When the State furnishes the discovery sufficiently in advance of the scheduled trial date to enable the defendant to utilize the discovery in the preparation of his defense, there is no longer any prejudice from the previous delay. If the discovery material and information comes too late to permit the trial to proceed as scheduled, the prejudice is extinguished when the trial is continued. Thus, it is manifest that whatever prejudice to a defendant's ability to defend against the charges may be said to arise from a delay in providing him with discovery is cured when he is provided with such discovery, and there is no other impediment to his utilizing it in the preparation of his defense.
We emphasize that the case before us is one in which the discovery information and material have been made available to the defendants, albeit late, and they have not been prejudiced in the preparation of their defense. In such a case, the reasons for the delay in furnishing the discovery, that is, was the State's *566 violation inadvertent or willful, are relevant only for the purpose of subjecting counsel for the State to an appropriate sanction pursuant to Florida Rule of Criminal Procedure 3.220(j)(2). But in the absence of prejudice, the reasons for the delay are not relevant for the purpose of imposing the sanctions provided for in Rule 3.220(j)(1).
Id. at 610 (citations and footnotes omitted).
In this case, witness Azcuy was belatedly disclosed. The trial court quite properly granted a brief continuance to the defense to allow discovery, and thereafter granted a further continuance for unrelated reasons. The defense took the deposition of witness Azcuy.
On May 5 the defense stated that it was ready to proceed immediately to trial and opposed a continuance the State had requested. Plainly the defense had done as much discovery and investigation as it wished to do regarding witness Azcuy as well as witnesses Cedeno and Montesino. Any prejudice occasioned by the late disclosure of witness Azcuy had been cured. Under Del Gaudio, the exclusion of the witness was impermissible.[*]
The trial court excluded witness Montesino and partially excluded witness Cedeno on the theory that once Azcuy was barred from testifying, Cedeno would have little admissible testimony to offer and Montesino would have none to offer. The court's premise was incorrect.
The testimony of witnesses Cedeno and Montesino is independently admissible regardless of whether Azcuy testifies. According to the State, the testimony of Cedeno and Montesino will show that the defendant and his friend Montesino attempted to suborn perjury in the defendant's forthcoming murder trial. The State maintains this was done in an effort by the defendant to counter the anticipated trial testimony of Azcuy. Evidence the defendant tried to suborn perjury in the defendant's own trial is admissible as showing the defendant's consciousness of guilt  and that is so whether Azcuy testifies or not. See Quarrells v. State, 641 So.2d 490, 491 (Fla. 5th DCA 1994); Manuel v. State, 524 So.2d 734, 735 (Fla. 1st DCA 1988).
For the stated reasons, the order excluding the witnesses is quashed. This ruling is effective immediately and will not be delayed by the filing of a motion for rehearing or other post-decision motion.
Petition granted.
NOTES
[*] The State concedes that there was late disclosure of witness Azcuy and that this constituted a discovery violation. The State argues that this late disclosure was inadvertent, not intentional. We need not reach the question whether the record supports the finding of an intentional (as opposed to inadvertent) discovery violation. Whether the late disclosure was inadvertent or intentional, under Del Gaudio the order must be quashed.