EVANDER, J.
The State of Florida seeks certiorari review of an order excluding two witnesses from testifying at trial. We conclude that the trial court departed from the essential requirements of the law in excluding these witnesses and, accordingly, grant the petition.
Respondent, Gene Marcellous Rolack, was charged with committing a sexual battery upon A.B., an adult female. The alleged incident occurred at A.B.’s residence on November 16, 2011. Shortly thereafter, A.B. advised her long-time friend, Simone Fernandez, of the event and, at Fernandez’s prodding, notified law enforcement.
*1287 The State filed its information on January 12, 2012. On February 6, 2012, Rolack filed a Notice of Discovery and Demand for Disclosure of Favorable Evidence, requesting, inter alia, the names and addresses of State witnesses. The State generated its witness list one week later. Both A.B. and Fernandez were listed as “Category A” witnesses.[1] The State’s discovery response included an address for A.B., but not for Fernandez.[2]
On April 3, 2012, A.B. was deposed by the defense. During her deposition, A.B. provided the name of Fernandez’s employer, Fernandez’s phone number, and the name of the street on which Fernandez resided (A.B. could not recall the street number for Fernandez’s residence).
Rolack’s jury trial commenced on May 21, 2012. That morning, the State indicated its intent to call Fernandez in its case in chief. As Fernandez had not previously been deposed by the defendant, the trial court ordered that her deposition take place the following morning. Fernandez duly appeared for her deposition (albeit twenty minutes late) and testified, inter alia, that she had previously provided the prosecutor with her e-mail address and her new cell phone number. She also stated that an investigator employed by the defense had left a business card at her residence. Fernandez indicated that she did not contact Rolack’s investigator pursuant to A.B.’s instruction that she not do so.
Based on these revelations, defense counsel requested a Richardson[3] hearing and argued that the State had committed a discovery violation by concealing Fernandez’s e-mail address and phone number from the defense and further argued that A.B. had interfered with the defense investigation. After hearing argument, the trial court gave Rolack the option of either seeking a mistrial or continuing with the trial. Rolack’s subsequent motion for mistrial was granted.
Shortly thereafter, the State filed an amended witness list setting forth Fernandez’s now-known physical address. No second deposition of Fernandez was sought by the defense.
Prior to the commencement of the retrial, Rolack filed a motion to dismiss, claiming that the discovery violation prejudiced him and that double jeopardy barred re-prosecution. At the hearing held on Ro-lack’s motion, the State argued that it had made no attempt whatsoever to hide Fernandez’s physical address as it did not learn of such address until Fernandez’s deposition. The State further observed that Rolack also had a long-term friendship with Fernandez and, thus, the defense had equal access to Fernandez. Finally, the State presented the testimony of A.B., who testified that she had merely instructed Fernandez that she (Fernandez) was not required to speak with anyone unless *1288 subpoenaed. Rolack countered that A.B. had intentionally interfered with his investigation and that the State had breached its continuing duty to disclose information under Florida Rule of Criminal Procedure 3.220(j)[4] by failing to disclose Fernandez’s e-mail address. (The prosecutor had learned of Fernandez’s e-mail address sometime prior to the pretrial conference.)
The trial court found that the State had committed an intentional discovery violation and that A.B.’s advice to her friend had interfered with Rolack’s ability to prepare for trial. The court denied the motion to dismiss, treated the motion as a motion for sanctions, and sanctioned the State by striking both A.B. and Fernandez as witnesses. Notably, the record does not reflect that the trial court considered a less severe sanction. The instant petition for writ of certiorari followed.
The State may seek certiorari review of non-final pretrial orders that exclude critical evidence from the State’s case in a criminal trial. State v. Pettis, 520 So.2d 250, 258 (Fla.1988) (“The ability of the district courts of appeal to entertain state petitions for certiorari to review pretrial orders in criminal cases is important to the fair administration of criminal justice in this state. Otherwise, there will be some circumstances in which the state is totally deprived of the right of appellate review of orders which effectively negate its ability to prosecute.”); see also State v. Gerry, 855 So.2d 157, 159 (Fla. 5th DCA 2008) (“[W]hen the state seeks certiorari review of the trial court’s pretrial order excluding one of its witnesses from testifying at trial, certiorari review is appropriate because the state has no right to appeal in the event the defendant is acquitted.”). Entitlement to the issuance of the writ depends on whether the State can show that there has been a violation of a clearly established legal principle resulting in a material injustice. Pettis, 520 So.2d at 254; see also Gerry, 855 So.2d at 159.
We conclude that the trial court’s order violated clearly established legal principles resulting in material injustice in two respects—first, for sanctioning the State in the absence of any record evidence of prejudice, and, second, for imposing the severe sanction of witness exclusion without first considering the availability of less severe sanctions. See State v. Farley, 788 So.2d 338, 340 (Fla. 5th DCA 2001).
The existence of prejudice is the sine qua non for relief from a discovery violation. State v. Rodriguez, 907 So.2d 564, 565 (Fla. 3d DCA 2005). Prejudice in this context means procedural prejudice materially affecting the opposing parties’ preparation for trial. McDuffie v. State, 970 So.2d 312, 321 (Fla.2007); see also Farley, 788 So.2d at 339 n. 2. Here, the only prejudice that may have been suffered by Rolack was largely remedied by the trial court affording Rolack the opportunity to depose Fernandez and/or granting his motion for mistrial. See Rodriguez, 907 So.2d at 565 (“If the discovery material and information comes too late to permit the trial to proceed as scheduled, the prejudice is extinguished when the trial is continued.”) (citations omitted); see also Sanchez-Andujar v. State, 60 So.3d 480, 486 (Fla. 1st DCA 2011) (“No effort *1289 was made to determine whether reasonable means could have been employed to overcome any prejudice to the state without resorting to the total exclusion of the witness. All indications are that a brief continuance would have cured any possible prejudice.”).
To the extent that Rolack may have suffered prejudice that was not remedied, the trial court’s chosen sanction was improper. The sanction of witness exclusion is an extreme sanction intended to be invoked only as a last resort after consideration of less severe sanctions. Farley, 788 So.2d at 340. Because it is well settled that the sanction of witness exclusion implicates the right to a fair trial and should be utilized only under the most compelling circumstances, a trial court has an obligation to strictly adhere to the procedure of first considering less severe sanctions. See Gerry, 855 So.2d at 161. In the instant case, the exclusion of A.B.’s testimony was tantamount to a dismissal of the case because her testimony would be essential to prove the elements of the crime with which Rolack is charged. See, e.g., Austin v. State, 461 So.2d 1380, 1381 (Fla. 1st DCA 1984) (witness exclusion as a sanction should be “reserved for extreme or aggravated circumstances, particularly when the excluded testimony relates to critical issues or facts and the testimony is not cumulative.”). The trial court’s failure to determine whether a less severe sanction than witness exclusion would suffice constituted a departure from the essential requirements of law. See State v. Baldwin, 978 So.2d 807, 808 (Fla. 1st DCA 2008). As this court observed in Shrum v. State, 401 So.2d 941, 943 (Fla. 5th DCA 1981), the criminal discovery rules were “never intended to furnish a defendant with a procedural device to escape justice.”
PETITION FOR WRIT OF CERTIO-RARI GRANTED; ORDER OF WITNESS EXCLUSION QUASHED; REMANDED.
ORFINGER, C.J., and COHEN, J., concur.

.“Category A” witnesses include:
(1) eye witnesses, (2) alibi witnesses and rebuttal to alibi witnesses, (3) witnesses who were present when a recorded or unrecorded statement was taken from or made by a defendant or codefendant, which shall be separately identified within this category, (4) investigating officers, (5) witnesses known by the prosecutor to have any material information that tends to negate the guilt of the defendant as to any offense charged, (6) child hearsay witnesses, and (7) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify.
Fla. R.Crim. P. 3.220(b)( 1 )(A)(i).

. Pursuant to Florida Rule of Criminal Procedure 3.220(b)(1), the prosecutor had an obligation to provide an address for Fernandez to the defense within fifteen days after service of the Notice of Discovery.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. Florida Rule of Criminal Procedure 3.220(j) provides:
Continuing Duty to Disclose. If, subsequent to compliance with the rules, a party discovers additional witnesses or material that the party would have been under a duty to disclose or produce at the time of the previous compliance, the party shall promptly disclose or produce the witnesses or material in the same manner as required under these rules for initial discovery.