COHEN, J.
The State petitions for a writ of certiora-ri, seeking to quash an order that excluded evidence as a sanction for a perceived discovery violation. We hold that the trial court departed from the essential requirements of law, resulting in a miscarriage of justice; accordingly, we grant the petition and quash the trial court’s order.
James Roberson was charged with grand theft and contributing to the delinquency of a minor after he and his sixteen-year-old son stole a car trunk lid and a wheel from ASAP Auto Salvage. The theft was witnessed by one of ASAP’s owners and an ASAP employee. The employee called law enforcement and then followed the Robersons’ vehicle through three counties until the police effectuated a stop. Roberson admitted to taking the items and returned them to their rightful owners. Thus, in Roberson’s prosecution, the issue in dispute centers on the value of the stolen items.
Five days before trial, Roberson filed a motion to dismiss premised on the State’s alleged violation of section 90.91, Florida Statutes (1995).[1] Roberson claimed that *778 the State’s failure to provide either photographs of the stolen property or the property itself “effectively crippled the Defense and [its] ability to hire an expert and move forward as to proving value.” The trial court continued the hearing until the next day to allow the parties to research the issue.
That night, one of the victims informed the prosecutor that he possessed the stolen items. The prosecutor immediately relayed this information to the trial court and defense counsel by e-mail.
The next day, due to this recent revelation, Roberson requested a Richardson[2] hearing. The trial court, presupposing the existence of a discovery violation, asked the prosecution how the defense was not prejudiced by the late disclosure. The prosecutor replied that the stolen items were listed and described in the police report and that there was video surveillance of the theft that showed the stolen items. In short, the prosecutor contended that the available discovery provided Roberson with sufficient information to evaluate the value of the stolen property. Ultimately, the trial court denied Roberson’s request for exclusion because it did not think that the State committed a discovery violation that required a sanction under Richardson. The trial court reasoned that, although the State temporarily had possession of the stolen property during Roberson’s arrest, the property had not been in the State’s custody since that time.
The court then sua sponte raised the State’s failure to provide a written discovery exhibit detailing any “tangible papers or objects that the prosecuting attorney intends to use in the hearing or trial [and] that were not obtained from or that did not belong to the defendant,” as required by Florida Rule of Criminal Procedure 3.220. The court observed that, instead of compiling a discovery exhibit as contemplated by the rule, the State “just emailed” the police reports and witness statements to the defense. The State argued that the witness statements and the police reports that were provided to the defense satisfied the rule that discovery be provided in writing. Nevertheless, the court excluded the stolen items, finding that exclusion was appropriate because the rules require the State to provide a discovery exhibit. In the court’s written order, it explained:
The Court finds that the State has failed to comply with rule 3.220(b)’s requirement that a written discovery exhibit be served on the defense. The Court finds that the State intentionally failed to comply with the rule in this and other cases, and that the State would not be prejudiced by the exclusion of the evidence in the instant case. Therefore the trunk lid and tire are excluded from evidence.
This order is the subject of the State’s petition for writ of certiorari.
When a defendant timely raises a potential discovery violation, Richardson requires the court to determine whether the State violated a discovery rule, and if so, whether that violation resulted in harm or prejudice to the defendant. See Richardson v. State, 246 So.2d 771, 775 (Fla. *779 1971) criticized on other grounds in Cuciak v. State, 410 So.2d 916 (Fla.1982). In exercising its discretion, the trial court must make an adequate inquiry into all the surrounding circumstances. Id. If a violation is found, the court must assess whether the State’s discovery violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what affect it had on the defendant’s ability to prepare for trial. See Sinclair v. State, 657 So.2d 1138, 1140 (Fla.1995) (citing Richardson, 246 So.2d at 775). Although Rule 3.220(n)(l) authorizes a trial court to exclude evidence as a sanction for a discovery violation, this sanction should be imposed only when there is no other adequate remedy. McDuffie v. State, 970 So.2d 312, 321 (Fla.2007).
The trial court’s analysis in the present case was in contravention of clearly established law. As an initial matter, it must be noted that Rule 3.220(b) was not the basis for the defense’s request to exclude evidence. Moreover, the trial court never found that the failure to disclose the existence of the evidence constituted a discovery violation. Instead, the court contemplated the proper way to comply with Rule 3.220(b). Even assuming the State failed to comply with Rule 3.220(b) — an issue we need not address — the court never found that Roberson suffered procedural prejudice, nor did the court consider lesser sanctions. Rather, the trial court improperly shifted the focus of the Richardson inquiry when it concluded that “the State would not be prejudiced by the exclusion of the evidence in the instant case.” This misapplication of the law constituted a departure from the essential requirements of the law, resulting in a miscarriage of justice. Therefore, we grant the State’s petition and quash the trial court’s order excluding the stolen items.
PETITION GRANTED; ORDER QUASHED.
SAWAYA and EVANDER, JJ„ concur.

. That section provides:
In any prosecution for a crime involving the wrongful taking of property, a photograph of the property alleged to have been wrongfully taken may be deemed competent evidence of such property and may be admissible in the prosecution to the same extent as if such property were introduced as evidence. Such photograph shall bear a written description of the property alleged to have been wrongfully taken, the name of the owner of the property, the location where the alleged wrongful taking occurred, the name of the investigating law enforcement officer, the date the photograph was taken, and the name of the *778 photographer. Such writing shall be made under oath by the investigating law enforcement officer, and the photograph shall be identified by the signature of the photographer. Upon the filing of such photograph and writing with the law enforcement authority or court holding such property as evidence, the property may be returned to the owner from whom the property was taken.
§ 90.91, Fla. Stat. (1995).

. See generally Richardson v. State, 246 So.2d 771 (Fla.1971).