IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Petitioner,

v.                                       Case No.  5D16-245

ANTHONY CHRIS JOHNSON,

      Respondent.

_____/

Opinion filed August 5, 2016

Petition for Certiorari Review of Order
from the Circuit Court for Brevard County,
James H. Earp, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wesley Heidt, Assistant
Attorney General, Daytona Beach, for
Petitioner.

James S. Purdy, Public Defender, and
Allison A. Havens, Assistant Public
Defender, Daytona Beach, for Appellant.


LAMBERT, J.

      The State of Florida petitions this court for a writ of certiorari to quash an order that

excluded two of its witnesses from testifying at trial.  Although we understand the trial

court's frustration with the State's late disclosure of the names of the two witnesses, we

nevertheless grant the petition and quash the order because the trial court departed from

the essential requirements of law by not utilizing a less severe alternative sanction than the exclusion of the witnesses.

Respondent, Anthony Chris Johnson, was charged by information with violating section 893.13(1)(a)1., Florida Statutes (2014), by selling or delivering hydromorphone, a controlled substance, to a confidential informant. The transaction occurred on September 3, 2014, and Respondent was not arrested until July 20, 2015. Three days later, Respondent filed a demand for discovery to which the State responded on August 26, 2015, notifying Respondent that part of the State's evidence that it may use at trial included material or information provided by a confidential informant and a report or statement from an expert in the field of "chemistry," with the name of the expert to be disclosed at a later date.

On December 14, 2015, Respondent filed a demand for speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(b). This rule requires that a defendant be brought to trial within fifty days of the filing of the demand, and, if the trial has not commenced within that time, the defendant can then seek a discharge from the crime charged. *See* Fla. R. Crim. P. 3.191(b)(4). Following two calendar calls, Respondent's case was set for trial on January 19, 2016.

Subsequent to Respondent's demand for speedy trial, the State sent the alleged controlled substance in question to the Florida Department of Law Enforcement ("FDLE") for testing and analysis. On January 11, 2016, the FDLE chemist issued a written report determining that the substance provided to the FDLE by the State was hydromorphone. On January 13, 2016, the State sent Respondent its "supplemental discovery" response, disclosing the FDLE report to Respondent and providing Respondent with the name of

2

the FDLE chemist and the name of the confidential informant who the State intended to call as witnesses at trial. On Friday, January 15, 2016, Respondent filed a motion to exclude these two witnesses from trial, alleging that the State committed discovery violations with its late disclosure of the names of these witnesses right before trial.

On Tuesday, January 19, 2016, the morning of trial, the court conducted a hearing on Respondent's motion.[1] The court determined that while there was no evidence of intentional misconduct by the State in its failure to timely disclose the names of these two witnesses, Respondent was prejudiced by the late disclosure "because he filed his demand [for speedy trial] based on the case as it existed at the moment in time that he did that, and that there's no way to cure the prejudice other than by excluding the witnesses." Although the court recognized that time still remained before the speedy trial period elapsed to conduct discovery, the court summarily concluded that this would not be a sufficient remedy to cure the prejudice.

"The State may seek certiorari review of non-final pretrial orders that exclude critical evidence from the State's case in a criminal trial." *State v. Rolack*, 104 So. 3d 1286, 1288 (Fla. 5th DCA 2013) (citations omitted). Certiorari review is appropriate in such circumstances because the State has no right to a direct appeal in the event a defendant is thereafter acquitted. *State v. Gerry*, 855 So. 2d 157, 159 (Fla. 5th DCA 2003) (citations omitted). However, the State's entitlement to the issuance of the writ of certiorari after the trial court excludes its evidence still "depends on whether the State can show that there has been a violation of a clearly established legal principle[,] resulting in a material injustice." *Rolack*, 104 So. 3d at 1288 (citations omitted).

---

[1] January 18, 2016, was a national holiday and the courthouse was closed.

3

To be clear, the issue before us is not whether the State furnished discovery to Respondent in a timely fashion. It did not. We recently reiterated that "[t]he [S]tate must furnish discovery within sufficient time to allow the defendant to prepare for trial without forfeiting his right to a speedy trial." *State v. Zackery*, 181 So. 3d 1204, 1206 (Fla. 5th DCA 2015) (second alteration in original) (quoting *Staveley v. State*, 744 So. 2d 1051, 1052–53 (Fla. 5th DCA 1999)). Florida Rule of Criminal Procedure 3.220(n)(1) authorizes a trial court to prohibit a party from calling a witness at trial as a sanction for a discovery violation. Moreover, the trial court should be afforded "considerable latitude" in addressing situations such as the late disclosure of new evidence and witnesses. *Austin v. State*, 461 So. 2d 1380, 1381–82 (Fla. 1st DCA 1984). However, when considering the appropriate remedy for the late discovery, the severe sanction of witness exclusion for the failure to timely comply with the rules of procedure should be a last resort and reserved for extreme or aggravated circumstances, particularly when the excluded testimony relates to critical issues or facts and the testimony is not cumulative. *Id.* Essentially, "this sanction should be imposed only when there is no other adequate remedy." *State v. Roberson*, 152 So. 3d 776, 779 (Fla. 5th DCA 2014) (citing *McDuffie v. State*, 970 So. 2d 312, 321 (Fla. 2007)). In the present case, the trial court's exclusion of the State's two witnesses is tantamount to a dismissal of the case because it excludes the only other participant to the sale of the controlled substance and precludes expert witness testimony that the object of the sale was, in fact, hydromorphone.

We conclude that the trial court's order violated clearly established legal principles resulting in material injustice. First, the trial court summarily concluded that Respondent suffered prejudice by the late disclosure without there being sufficient record evidence of

4

prejudice. Contextually, prejudice means procedural prejudice materially affecting Respondent's preparation for trial. *Rolack*, 104 So. 3d at 1288 (citations omitted). Here, Respondent was notified by the State in August 2015 that it would be utilizing a confidential informant and a chemist at trial. Admittedly, the names of the witnesses were not initially disclosed; however, a copy of a DVD depicting the sale and a copy of the interview with the confidential informant by law enforcement was provided at that time. Respondent made no effort prior to filing his demand for speedy trial to compel the name of the confidential informant and to thereafter take his deposition. Second, any prejudice to Respondent's trial preparation could have readily been cured by a short continuance of the trial to a date still within the speedy trial time to allow Respondent to take the depositions of the FDLE witness and the confidential informant. *See State v. Guzman*, 697 So. 2d 1263, 1264 (Fla. 3d DCA 1997). Finally, the elements of the crime of sale or delivery of hydromorphone are not complex, and it is doubtful that the deposition of either the FDLE chemist or the confidential informant would be lengthy or that Respondent's counsel would be surprised by the testimony from either deposition.

Accordingly, we grant the State's petition for certiorari, quash the order under review, and remand to the trial court for further proceedings.

PETITION FOR WRIT OF CERTIORARI GRANTED; ORDER QUASHED; REMANDED for further proceedings.

COHEN and WALLIS, JJ., concur.