PER CURIAM.
Appellant, Eric Lucaine Ward, appeals his convictions on two counts of aggravated child abuse, in violation of section 827.03(1)(a) and (2), Florida Statutes (2015), following a jury trial. His only argument on appeal is that the trial court erred when it excluded a defense witness *575 as a sanction for failing to disclose the witness. We agree and reverse for a new trial.
A person commits aggravated child abuse when he or she:
1. Commits aggravated battery on a child;
2. Willfully tortures, maliciously punishes, or willfully and unlawfully cages a child; or
3. Knowingly or willfully abuses a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child.
§ 827.03(1)(a), Fla. Stat. (2015).
The State alleged that Appellant committed aggravated child abuse against his fifteen-year-old twin sons by violating section 827.03(1)(a) 2. and 3. Appellant participated in discovery but did not turn over a witness list as required by Florida Rule of Criminal Procedure 3.220(d)(1)(A). At trial, after the State rested, Appellant sought to call a witness. The State objected, even though the witness appeared on its own witness list and had been deposed, arguing that it would be prejudiced because it would have called the witness in its case-in-chief had it known that Appellant planned to call her.
In an effort to cure this alleged prejudice, Appellant suggested that the State reopen its case to call the witness. However, the State rejected this remedy, stating only that it "made a strategic decision about how to present" its case. In essence, the State argued that it was prejudiced because it would not have ended with the testimony of this witness-but failed to explain how calling the witness out of its intended order caused prejudice.
The trial court found that Appellant's failure to list the witness was not willful, but nevertheless excluded the witness, concluding that the State would suffer prejudice by having to call the witness out of order. This was error.
Exclusion of a Defense Witness
While a trial court may exclude a witness as a sanction for a discovery violation pursuant to Florida Rule of Criminal Procedure 3.220(n), the court must first conduct a Richardson[1] hearing to determine if sanctions are necessary. However, the "trial court's discretion can be properly exercised only after an adequate inquiry is made into three areas: (1) whether the discovery violation was willful or inadvertent; (2) whether it was trivial or substantial; and (3) whether it had a prejudicial effect on the opposing party's trial preparation." McDuffie v. State , 970 So.2d 312, 321 (Fla. 2007) (citing Richardson , 246 So.2d at 775 ); see also McBride v. State , 913 So.2d 696, 698-99 (Fla. 1st DCA 2005). "Prejudice in this context means procedural prejudice materially affecting the opposing parties' preparation for trial." State v. Rolack , 104 So.3d 1286, 1288 (Fla. 5th DCA 2013) (citing McDuffie , 970 So.2d at 321 ; State v. Farley , 788 So.2d 338, 339 n.2 (Fla. 5th DCA 2001) ).
Importantly, a defendant has a constitutional due process right to call witnesses. Dawson v. State , 20 So.3d 1016, 1022 (Fla. 4th DCA 2009). Therefore, before excluding a defense witness, the trial court must also "consider a fourth factor and explore whether any other reasonable alternatives can be employed to overcome ... possible prejudice, including the declaration of a mistrial." Id. (citation and internal marks omitted).
The trial court erred in excluding the witness in this case for two reasons. First, based on the record before us, the State did not suffer any procedural prejudice.
*576 The State essentially argues for a per se finding of prejudice any time it would be required to call a witness out of its preferred order. We decline the invitation.
Second, exclusion of the witness was error because, even if the State did suffer substantial procedural prejudice, the trial court did not consider sanctions less severe than excluding relevant evidence. See id. at 1020-21.
Harmless Error Analysis
Finally, we cannot conclude that the error was harmless. "[T]he harmless error test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test." McDuffie , 970 So.2d at 328 (citation and internal marks omitted). Rather, before error can be deemed harmless, we must determine that there is no reasonable possibility that the error contributed to the verdict. Id.
The excluded testimony would have supported Appellant's defense at trial and would have contradicted the testimony of the victims. While the State points to a long list of evidence it asserts supports the convictions, the harmless error test does not allow us to resolve conflicts in the evidence by substituting ourselves for the trier of fact. See State v. DiGuilio , 491 So.2d 1129, 1139 (Fla. 1986). Given the nature of the excluded testimony, we cannot say that the error is harmless beyond a reasonable doubt.
REVERSED and REMANDED for further proceedings.
EVANDER, C.J., EISNAUGLE and HARRIS, JJ., concur.

Richardson v. State , 246 So.2d 771 (Fla. 1971).