# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1533
Lower Tribunal No. B24-5786
_____

**Roy Harold Bissember,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Cristina Rivera Correa, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Rose Thorton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, and Ryan Schelwat, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER, and GOODEN, JJ.

PER CURIAM.

Affirmed. See O.P-G. v. State, 290 So. 3d 950, 954–55 (Fla. 3d DCA 2019) ("[U]nder Richardson, when a discovery violation is alleged, the standard of appellate review is whether the trial court abused its discretion in determining if a violation occurred and if so, whether it was inadvertent, and not prejudicial to the preparation of the defense." (citation omitted)); Guillen v. State, 189 So. 3d 1004, 1011 (Fla. 3d DCA 2016) (assessing the second Richardson prong in light of the defendant's chosen defense); State v. Rolack, 104 So. 3d 1286, 1288 (Fla. 5th DCA 2013) ("Prejudice . . . means procedural prejudice materially affecting the opposing parties' preparation for trial."); Cox v. State, 819 So. 2d 705, 713 (Fla. 2002) (explaining that "[a]s no prejudice resulted from the State's discovery violation, the trial court did not abuse its discretion in refusing to grant a mistrial" (citation omitted)); State v. Schopp, 653 So. 2d 1016, 1020 (Fla. 1995) ("[T]he defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant."); Curry v. State, 283 So. 3d 934, 937 (Fla. 3d DCA 2019) (finding no abuse of discretion where the trial court "fashioned a remedy to ameliorate any prejudice suffered by the [d]efendant as a result of the

inadvertent discovery violation"); Carter v. Brown & Williamson Tobacco Corp., 778 So. 2d 932, 942 (Fla. 2000) ("Absent a finding to the contrary, juries are presumed to follow the instructions given them.").